# Lessee of Joseph Shultz *against* Philippina Hahn.

A legatee under a will may give evidence to impeach the testator's deed, if she
has no remedy for the recovery of her legacy payable out of the lands. Presump-
tion of bias in a witness may be removed by an interest on the other side.

EJECTMENT for 100½ acres of land in Berwick township.
    Ferdinand Shultz, being seised of the lands in question, on
the 29th December 1797, in consideration of natural love and
affection and of 150l. conveyed the premises to his two sons,
Joseph and John, but reserved the possession thereof for his
own use, during the term of his natural life.
    The only question was, whether the deeds were unfairly ob-
tained or not. No money had been paid.
    Mary Shuler, a natural daughter of the defendant, who was
the plaintiff's sister, was offered as a witness to prove the fraud.
    The plaintiff's counsel objected to her, on the ground that her
grandfather had devised to her 100l. by a will which was not yet
proved, dated 1st March 1798, payable out of his real estate by
his two sons, Joseph and John ; and consequently, that she was
interested in setting aside the deeds, in order to establish her
own legacy.
    It was admitted, that Ferdinand Shultz had no other lands but
those he had conveyed to his two sons ; and it appeared that the
grantees for the consideration money had executed three bonds
of 50l. each, to their brother George, the first payable at the de-
cease of their father, and the two others in the years following ;
but no part thereof had been paid. On inspection of the will, it
was evidently predicated on the supposition that the deeds were
valid. It contained no devise of the lands to any person what-

[M'Teer's Lessee *v.* Buttorff.] ·

ever ; *and the legacy to the witness, could amount to no more than a mere recommendation. Whether the deeds were valid or not, neither Joseph nor John Shultz, were bound to pay the legacy.

The court therefore allowed the witness to be sworn, as she did not appear to be interested.

George Shultz and Barbara his wife, were also admitted as witnesses for the defendant, on his voluntarily depositing his bonds in the hands of the clerk of the court, to be cancelled in case the jury should by their verdict, annul the deeds.

The money due on his bonds, was at least equal to his undivided fourth part of the lands, supposing that his father had made no disposition thereof ; and therefore he could have no preponderating interest to bias his mind in the present controversy.

The jury annulled the deeds by finding a verdict for the plaintiff, for one equal undivided fourth part of the lands.

Messrs. W. Ross and Barber, *pro quer.*

Messrs. Bowie and Kelly, *pro def.*