## Cook *against* Trimble.

A condition stipulated in a deed of conveyance may be enforced by ejectment; but a consideration, even amounting to a covenant on the part of the vendee, cannot.

ERROR to the common pleas of *Westmoreland* county.

Mary Trimble against John Cook and James Cook. This was an action of ejectment to compel the defendants to yield the plaintiff a support out of the land for which it was brought. Archibald Trimble being the owner of the land made a conveyance of it to his son Alexander Trimble, by the following deed:—

" To all men to whom these presents shall come, Archibald Trimble of the township of Derry, county of Westmoreland, and state of Pennsylvania, farmer, sendeth greeting: Know ye that the said Archibald Trimble, for and in consideration of 160 dollars (and a comfortable support and living to be given to the said Archibald Trimble, to his wife Jane and to his daughter Mary, during their natural lives by his son Alexander Trimble,) hath remised, released, and for ever quit claimed, and by these presents doth for him and his heirs remise, release, and for ever quit claim, unto Alexander Trimble, of the township, county and state aforesaid, and to his heirs and assigns for ever, all the estate, right, title, interest, claim and demand, whatsoever of him the said Archibald Trimble, of, in, or to, all that tract of land on which the said Archibald Trimble now lives, situate and being in Derry township, and county, and state aforesaid, bounded on the northeast by land now the claim of William M'Master, on the southeast by land of Robert Elder, and by land of Blain's heirs on the south, and by land of James George on the west, and by land of William M'Kee and John Horrell on the north, supposed to contain two hundred acres, be the same more or less, with the appurtenances, buildings, improvements, benefits and privileges in any wise belonging to the same; to have and to hold the said land and premises above mentioned to the only proper use and behoof of him the said Alexander Trimble, his heirs and assigns for ever, so that neither he the said Archibald Trimble, nor his heirs, nor any other person or persons for him or them, or in his or their names or right, shall or may by any ways or means whatsoever at any time hereafter claim, challenge or demand any estate, right, title, or interest of, in or to the said land and premises or any part thereof, but from all and every action and actions estate, right, title, interest, claim and demand of, in or to the said premises or any part thereof, they and every of them shall be for ever barred by these presents; and the said Archibald Trimble and his heirs,

[Cook v. Trimble.]

the said land hereditaments and premises with the appurtenances to the said Alexander Trimble, his heirs and assigns, against him the said Archibald Trimble, and his heirs, shall and will warrant and for ever defend.

"In witness whereof I, the said Archibald Trimble, have hereunto set my hand and seal, this 10th day of December, 1816.

Alexander Trimble conveyed the land to John Horrell, who conveyed it to the defendants.

The only question in the cause was, whether the action could be maintained. The court below instructed the jury that it could, and they found a verdict for the plaintiff to be released upon the payment of a certain sum.

*H. D. Foster* and *Coulter,* for plaintiff in error, cited 7 *Serg. & Rawle* 64; 3 *Serg. & Rawle* 359; 3 *Law Lib.* 27, 31; 4 *Kent Com.* 152; 1 *Vez.* 622; 6 *Con. Rep.* 458; 9 *Cow.* 316; 4 *Yeates* 456.

*Kuhns* and *Nichols, contra,* cited 2 *Watts* 459, 466; 13 *Serg. & Rawle* 359; 7 *Serg. & Rawle* 81; 6 *Bin.* 118; 3 *Penn. Rep.* 136.

PER CURIAM.—The judge was doubtless moved by the equity of the demand to strain a point in support of it; and I regret that we are unable to sustain his judgment. He seems to have rested it mainly on the position, that the conveyance was substantively an agreement which passed an equitable estate; and had the legal estate remained in the grantor, it certainly might have given a ground to enforce the consideration by an action of ejectment. The legal title is always sufficient to maintain an action at law, which chancery never enjoins in favour of a delinquent equitable owner. But, in this instance, the grantor unfortunately had no more than an equity to convey; and as all that was in him passed by the deed, he could, as the doctrine of equitable lien is out of the question, maintain an action, on the principle of Bear *v.* Whisler, 7 *Watts* 144, only on the foot of a condition; which, however, is not found to have been created in the conveyance. The intent to create a condition must be, not only clear, but, in a deed, expressed in apt words; and we have in this deed neither the words *proviso, ita quod, sub conditione,* nor any others equivalent to them. Nor are there any to indicate an intent to create a condition. The words "in consideration of 160 dollars and a comfortable living to be given to the said Archibald Trimble, his wife Jane and his daughter Mary, during their natural lives, by the said Alexander Trimble," might create a covenant; but not a condition, even in a will, in which the intent governs so far the words *ad faciendum, faciendo ea intentione, ad effectum,* and some others, make a condition. Here the living is stated to be part of the consideration; and if that were sufficient, every grantor would have, in every instance, a better security for purchase money than even an equitable lien, which

[Cook v. Trimble.]

has been thought to have been beneficially expunged from our jurisprudence: he would have, in truth, a legal remedy. We regret the conclusion to which these principles impel us; but where parties have not taken proper securities, it is above our power to supply the omission.

Judgment reversed.