# Gray *against* Packer.

"In consideration, &c. I hereby grant, bargain and sell unto the said P. one-sixth part of the said tract, or so much thereof as may be recovered in this suit" *held* to be a present conveyance, and of a life estate only.

ERROR to the Common Pleas of *Northumberland* county.

John B. Packer and others, heirs at law of Samuel J. Packer deceased, against William M. Gray. Ejectment for the undivided sixth part of a tract of land. The plaintiffs' claim was founded upon the following paper:

"Johnston & Gray's heirs *v.* Joseph Wallis. Ejectment in the Common Pleas of Northumberland county for 440 acres of land in Shamokin. In consideration of the professional services of S. J. Packer, I hereby grant, bargain and sell unto the said Packer, one-sixth part of the said tract, or so much thereof as may be recovered in this suit. It is understood that if nothing is recovered, the said Packer is to charge nothing for his services. Witness my hand and seal, August 11, 1834.

WILLIAM M. GRAY, [SEAL.]"

The only question in the cause was whether this entitled Samuel J. Packer, Esq. to a life or fee-simple estate. The court below was of opinion that the plaintiffs were entitled to recover.

IV. — 3                      B *

*Donnel* and *Hepburn,* for plaintiff in error, argued that the instrument was a present conveyance, and of a life estate, and cited *Shep. Touch.* 101; *Com. Dig. tit. Grant, A.* 2; 10 *Watts* 229; 1 *Dall.* 139; 4 *Kent's Com.* 6, 7; 2 *Tenn. Rep.* 1; 4 *Dall.* 349; 1 *Whart.* 316; 3 *Wash. C. C.* 498; 2 *Binn.* 19.

*Greenough, contra,* argued that it was the fee-simple estate which was involved in the ejectment, and that to which the deed refers, and consequently expresses the meaning of the defendant that he was to convey a fee-simple to the plaintiffs' father. 1 *Rawle* 377; 1 *Yeates* 399; 11 *Serg. & Rawle* 329; *New. on Con.* 34. Equity will supply the want of words of inheritance in a deed. 1 *Story's Eq.* 180; *Walker's Introd.* 273; 12 *Pick.* 322.

The opinion of the Court was delivered by

SERGEANT, J.—If the instrument in question were to be considered as an executory agreement to convey, and not as a present conveyance, there still would remain a question whether there are words sufficient to carry the fee, or any circumstances to show that such was the intention of the parties, on the face of the instrument. But I perceive no ground on which it can be considered an executory agreement. It is a direct conveyance of one-sixth of the tract, or so much thereof as may be recovered, without anything farther to be done to vest the legal title. It embraces all the substantial parts of a deed. Under it the grantor's legal estate in this one-sixth was devested, and the grantee held it as tenant in common, for all legal purposes whatever. In all the cases which have been cited where the instrument was construed executory, although some of the words imported a present grant, yet there were other clauses by which something further was to be done, or which showed it to be the design of the parties, from the tenor of the whole instrument, that it was to be merely executory. Nothing exists here which leads to such a conclusion.

Then in a present conveyance the rule of law is, that without the word "heirs," but an estate for life passes. That estate has expired, and the heirs of the grantee acquired nothing by inheritance.

Judgment reversed, and judgment for defendant.