# Mattocks *versus* Brown.
# Brown *versus* Mattocks.

1. Where a deed conveys a present interest in lands to the grantee for life, the fact that it contains provisions to take effect, by way of contingent remainder, upon the death of the grantor during the life of the grantee, does not convert it into a will. Such limitation, therefore, cannot be revoked by the grantor, or by operation of law for life, upon his subsequent marriage.

2. A limitation in a deed to the "five children of A. and their representatives," cannot operate to vest in them a fee simple. It is immaterial that such appeared to be the intention of the grantor. The rule of law is that a present conveyance without the word "heirs" passes but a life estate.

March 14th 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

WRITS of error to the Court of Common Pleas of *Bradford county:* Of January Term 1883, Nos. 185 and 136.

[Brown v. Mattocks.]

Ejectment, by Charles H. Mattocks, Freddie C. Mattocks, Ella M. Mattocks and Ettie C. Mattocks, minor children of Asa Mattocks, deceased, by their respective guardians, against Daniel Brown, Alpheus Passage and Celinda B. Passage his wife, William Passsage and Eddie Passage his wife, Elmer Daggett, Maria C. Mattocks and John Chapel, for a tract of land in Springfield township, containing 113 acres and 49 perches. Plea, not guilty.

On the trial, before Morrow, P. J., both parties claimed under James Mattocks who died in July 1858, seised of the premises, having by his will, dated November 17th 1846, proved March 2d 1859, devised the land in dispute to his two grandsons, Asa Mattocks and Calvin Mattocks, sons of Charles Mattocks, and provided as follows:

" In the event that either Asa Mattocks or Calvin Mattocks die without lawful issue leaving no heirs of their body, then the survivor of them shall enjoy said estate as his absolutely."

Calvin Mattocks having died in his minority, unmarried, it was admitted that the land in question vested in Asa Mattocks in fee under the above devise.

On January 3d 1866, Asa Mattocks, being so seised of the land in dispute, executed the following instrument:

This indenture, made the 3rd day of January, A. D. one thousand eight hundred and sixty-six, between Asa Mattocks of the one part and Charles Mattocks, [father of said Asa Mattocks] and Sally Mattocks his wife, of the other part, witnesseth : That the said Asa Mattocks for and in consideration of love and natural affection, and the covenants hereinafter mentioned and reserved, on the part and behalf of the said Charles Mattocks and Sally Mattocks, his wife, their executors and administrators and assigns to be paid, kept and performed have demised, and to farm let unto the said Charles Mattocks and Sally Mattocks, his wife, all that messuage and lot of ground situated in Springfield township, in the county of Bradford and state of Pennsylvania, and bounded as follows, viz : . . . . containing one hundred and thirteen acres and fifty-nine perches of land, be the same more or less, being the same farm devised to said Asa Mattocks by will from James Mattocks, deceased, together, etc. . . . to have and to hold the said messuage and lot of ground, and all the singular the premises hereby demised with the appurtenances unto the said Charles Mattocks and Sally Mattocks, his wife, for and during their natural lives and during the natural life of the survivor of them, and at the decease of the said Charles Mattocks and Sally Mattocks, his wife, to be fully completed and ended. And the said Charles Mattocks and Sally Mattocks, his wife, for themselves, their heirs, executors and administrators hereby

covenant, promise and agree to and with the said Asa Mattocks that they, the said Charles Mattocks and Sally, his wife, shall and will, from time to time and at all times, during the continuance of this lease, at his and their own charges, well and sufficiently repair, support and amend the demised premises, with all manner of needful repairs and amendments as often as occasion shall require; and that they, the said Charles Mattocks and Sally, his wife, shall and will pay and discharge all legal taxes, which shall at any time during the continuance of the said lease, be assessed or imposed on the said premises.

"And it is hereby further agreed, by and between the said parties to these presents, that if the said Charles Mattocks shall and does survive the said Asa Mattocks, then and in that event and solely upon that condition, the hereby demised premises shall go to and be vested in the five children and their repre-sentatives of the said Charles Mattocks, to wit: Asa Mattocks Elnora A. Brown, wife of David Brown, Celinda B. Passage, wife of Alpheus Passage, Ladoria V. Mattocks and Maria C. Mattocks, but if the said Charles Mattocks dies before the said Asa Mattocks then this last agreement shall be void and the premises shall continue to be owned by and belong to him the said Asa Mattocks.

"In witness whereof the said parties have hereunto set their hands and seals the day and year aforesaid.

ASA MATTOCKS. [L. s.]

CHARLES MATTOCKS. [L. s.] "

Acknowledged January 3rd 1866. Recorded December 9th 1880.

The principal question in the case arose under the final clause of the foregoing instrument.

Asa Mattocks was married January 11th 1866, and died intestate, September 18th 1877, in the life-time of his father, the said Charles Mattocks, leaving to survive him a widow, and four minor children, who are the plaintiffs in this case. At the date of Asa Mattock's death Charles Mattocks had one son and four daughters, of whom one, Mrs. Daggett died without issue in her father's lifetime. Another daughter, Mrs. Brown, died before this suit was brought, leaving three children, who are represented in this suit by their father Daniel Brown, one of the defendants. The other defendants are children of Charles Mattocks or claim through them.

Charles Mattocks died October 16th 1880, and Sally Mattocks his wife died September 20th 1880.

The following paper was put in evidence:

"This agreement made this 18th day of September, one thousand eight hundred and sixty-six, between Asa Mattocks, of the township of Springfield, county of Bradford, state of

[Brown v. Mattocks.]

Pennsylvania, of the first part and Charles Mattocks (of the above named place) of the second part, witnesseth: That the said Asa Mattocks doth agree to pay two hundred dollars to each of the four daughters of the said Charles Mattocks, viz: Arminda E., Celinda B., Ladorna V., and Maria C. Mattocks, in the following manner: One hundred dollars to be paid each of the two first named daughters on the first day of April, one thousand eight hundred and sixty-eight, and one hundred dollars each one year from that date, and to pay to the two last named daughters one hundred dollars each on the first day of April, one thousand eight hundred and seventy, and one hundred each one year from that date.

"And the said Charles Mattocks on the part of the second part doth agree that of the said Charles Mattocks should outlive the said Asa Mattocks, and James Mattocks' estate should fall into the possession of the heirs of the said Charles Mattocks agreeable to former agreement between the said Asa Mattocks and Charles Mattocks, and when the said James Mattocks' estate is divided amongst the heirs of the said Charles Mattocks, the heirs of the said Asa Mattocks shall receive from the daughters above named of the said Charles Mattocks or their heirs, the sum which has been paid to them, by virtue of this contract by Asa Mattocks, with interest from the time of payment.                    CHARLES MATTOCKS."

The plaintiffs claimed that the lease and agreement of January 3d 1866, was testamentary in its character, and being a will, was revoked, as to the plaintiffs, by the subsequent marriage of Asa Mattocks.

The defendants claimed that said instrument of January 3rd 1866, was a deed, and created in Charles and Sally Mattocks a life estate, with remainder to the four children of Charles and Sally Mattocks—that this remainder was a contingent remainder subject to be defeated by the death of Charles before Asa Mattocks, but on the death of Asa Mattocks before Charles Mattocks, the estate became vested in the four children of Charles Mattocks. Further, that the word "representatives" used in the last clause of said instrument meant "heirs," and that this was conclusively shown by the above paper of September 18th, 1866.

There being no disputed facts in the case, the court directed the jury to find a verdict for the plaintiffs, subject to the question of law reserved, whether the paper of January 3d 1866, was a deed or a will. Verdict accordingly.

The court subsequently, on a motion for judgment on the reserved point—being of the opinion that said instrument of January 3d 1866, was a deed and not a will, and that the words

[Brown *v.* Mattocks.]

therein, that in case Charles Mattocks shall survive Asa Mattocks the premises "shall go to and be vested in the five children and their representatives of the said Charles Mattocks," operated, on the happening of the contingency, to vest in said children a life estate only—entered judgment on the reserved point " for the plaintiffs for three undivided fifths of the land, and for the defendants for the other undivided two-fifths, non obstante veredicto."

To this judgment both parties took writs of error, the defendants assigning for error the decision of the court, that the four daughters of Charles Mattocks, by the terms of the grant of January 3d 1866, only took a life estate in remainder, and in not entering judgment for the defendants on the reserved point for three-fourths of the land, non obstante veredicto.

The plaintiffs assigned for error the decision of the court, that the paper of January 3d 1866, was not a will, and in not entering judgment for the plaintiffs on the verdict.

*Maynard* and *E. B. Parsons* (with them *Evans*), for Brown et al., defendants below, plaintiffs in error.

*Delos Rockwell* (with him *Mial E. Lilly*), for Mattocks et al., plaintiffs in error, and plaintiffs below.

Mr. Justice PAXSON delivered the opinions of the court, April 23d 1883.

MATTOCKS *v.* BROWN.

The learned judge of the court below committed no error in holding that the deed from Asa Mattocks to Charles Mattocks and wife was not a testamentary disposition of the property described therein. The deed conveys a present interest to the grantees. Under it Charles Mattocks and wife take a life estate during their joint lives, and the life of the survivor of them. It was not in the power of Asa Mattocks to revoke or destroy this life estate. It was urged, however, that the concluding paragraph of the deed by which it was agreed that in case Charles Mattocks should survive Asa, the premises in question should go to the "five children, and their representatives of the said Charles Mattocks," is testamentary in its character, and converted the deed into a will. Undoubtedly, this provision was intended to take effect after the death of Asa Mattocks. This of itself, however, would not stamp the instrument with a testamentary character. Many deeds conveying and settling property contain provisions which become operative only after the death of the grantor or settlor, but where a present interest passes to a trustee, or the grantee, it has never been supposed that such instruments were of a testamentary character.

[Brown v. Mattocks.]

Here Asa Mattocks made a conveyance of the property in question for life, and upon a certain contingency, to the children of the life tenants. The contingency occurred. He had the power to make such a conveyance, and having made it, and the title having vested, he had no power to revoke it by will or otherwise: Ritter's Appeal, 9 P. F. S. 9 ; Eckman v. Eckman, 18 Id. 460. Judgment affirmed.

## BROWN v. MATTOCKS.

This writ of error was taken to the same judgment as Mattocks v. Brown just decided. The court below having ruled that the conveyance from Asa Mattocks to Charles Mattocks and wife was a deed and not a will, and Asa having died before Charles, it became important to ascertain what interest the children of Charles took in the property. The operative words in the deed are : " Shall go to and be vested in the five children and their representatives of the said Charles Mattocks, &c." The learned court below held that the children took but a life estate, there being no words of inheritance. The plaintiff in this writ of error contended that they took a fee. In order to sustain his contention we must hold that the word "representatives" is the equivalent of the word " heirs." However this may be in the case of a will, where greater laxity of construction is sometimes permitted in order to carry out the intent of a testator, it has been uniformly held that in a deed, a fee does not pass without words of inheritance. " In a will the legal force of the word ' heirs ' may sometimes be controlled by the context, but not so in a deed. It is in a deed a term of art:" Hileman v. Bouslaugh, 1 Harris 344. The rule of law is that in a present conveyance without the word " heirs " but an estate for life passes : Gray v. Packer, 4 W. & S. 17. The principle is thus stated by Coke, vol. 1, 493 : " For if a man would purchase lands and tenements in fee it behooveth him to have these words in his purchase, to have and to hold to him and his heirs . . . For these words make the estate of inheritance. For if a man purchase lands by the words ' to have and to hold to him forever,' or by these words, ' to have and to hold to him and his assigns forever,' in these two cases he hath but an estate for life, for that there lacks these words (his heirs) which words only make an estate of inheritance in all feoffments and grants." The courts of England and of this state have uniformly held to the above rule in the construction of deeds. The authorities cited by the plaintiff form no exception. They either have no bearing upon the case, or are decisions arising under wills, where, as we have before observed, a different rule has sometimes been admitted.

Judgment affirmed.