## ALFRED PHILLIPS ET AL. v. HENRY SWANK.

ERROR TO THE COURT OF COMMON PLEAS OF SULLIVAN COUNTY.

Argued March 16, 1888—Decided April 23, 1888.

1. Whether an informal instrument, transferring an interest in real estate, shall be construed a conveyance or only an unexecuted agreement, depends, not upon any particular words or phrases it may contain, but upon the intention of the parties derived from the instrument itself, and, when that source is doubtful, supplemented by the circumstances attending its execution.

2. Though, in a conveyance, the word, "heirs," is a term of art and indispensable to carry a fee, yet in an executory contract to convey, the absence of the word will not prevent the passing of a fee; equity will supply the words of inheritance, where the consideration paid or other circumstances evince that no less than a fee was intended.

4. Though, to be effective under the statute of frauds, a written contract to convey lands must be in some sense self-sustaining, yet, out of the necessary uncertainty in writings in respect of their application to persons or things described therein, there may arise the admissibility of parol evidence of identification. without affecting the validity of the instrument under that statute.

4. The defendant in an ejectment, in order to meet the plaintiff's title by conveyance from David Phillips in 1863, offered the following writing to be succeeded by evidence of notice to plaintiff before he purchased and of identification of the land: "Augest the 20 1850 i do herby agree tht Jonathan Phillips shall have the land wich he is posetion of now for the labor he don for me over ago and this shall be his wrecept for all my writes and claims aganst the land: [Signed] DAVID PHILLIPS."

*Held,* (a) that the writing was to be construed as an agreement to convey which equity would execute, and (b) that it was not ineffective under the statute of frauds.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 62 January Term 1888, Sup. Ct.; court below, No. 61 September Term 1881, C. P.

On September 12, 1881, an action of ejectment was brought by Henry Swank against Alfred Phillips and Jonathan Phillips, to recover a tract of 248 acres and 48 perches on North Mountain.

At a second trial on March 4, 1887 (the judgment for the defendants in the first trial having been reversed by this court with v. f. d. n.: Swank v. Phillips, 113 Pa. 482), the plaintiff showed title in David Phillips prior to 1840 and title in himself by purchase from David Phillips and payment of purchase money in full, under articles dated October 17, 1863. It also appeared in the plaintiff's case that in 1849 Jonathan Phillips, son of David Phillips, went into possession of the land under a lease from his father and continued in possession until his death in 1860, leaving a widow, Rachel, and several minor children ; that in 1862, said widow and children, still in possession, the widow entered into a lease of the land from David Phillips, " for $25 for one year rent, . . . . . and at the expiration of said term shall and will quietly surrender, yield up the said premises unto the said David Phillips, his heirs and assigns, and she is not to burn any rails or destroy things, and

keep it as good as she can;" and that the widow was succeeded in possession the following year by Henry Swank the plaintiff, who on April 7, 1881, discovered the defendants in possession; "they said they had moved in there with the intention of staying there."

The plaintiff's case having closed, the counsel for the defendants offered in evidence the office record of the following instrument:

"Augest the 20 1850

"i do herby agree tht Jonathan Phillips shall have the land wich he is posetion of now for the labor he don for me over age and this shall be his wrecept for all my writes and claims aganst the land.          DAVID PHILLIPS."

Proof of signature made before Thos. J. Ingham, P. Judge, Dec. 14, 1882, according to act of May 25, 1878, by testimony of Griffith Phillips, Joseph French and Rachel Harris. Recorded Jan. 2, 1883, in Deed Book No. 14, page 124, etc., to be followed by proof that Henry Swank purchased with notice of this instrument, and that the land of which Jonathan Phillips was in possession on August 20, 1850, is the same land of which the defendants as children and heirs of Jonathan Phillips now hold possession as the land in dispute.

Objected to by plaintiff's counsel as follows: (1) The instrument of which record is made does not contain the signature of David Phillips. (2) That the writing does not purport to convey any title to the land in controversy to any one and conveys no title to any land whatever. (3) There is no evidence that the original writing was ever delivered. (4) The writing not having been recorded prior to the recording of the agreement between David Phillips and Henry Swank is fraudulent and void as to Henry Swank. (5) That even if the signature to the original writing be the signature of David Phillips, and even in case it be proven that it had been duly delivered, the instrument, containing no words of inheritance, conveyed only a life estate to Jonathan Phillips and is not evidence in this case on the part of his heirs; and further that it is irrelevant, immaterial and not competent. Objected further, that a written instrument or deed cannot be added to by parol or impeached by parol testimony.

By the court: This offer stands upon the same footing precisely as the offer of the agreement between David Phillips and Henry Swank, so far as the offer of the record of it is concerned, but there are some objections there that go to the competency of the instrument as evidence at all in favor of the heirs of Jonathan Phillips. It is alleged there are no words of inheritance in this writing. What is the purpose of this offer?

Counsel for defendants: To show a sale of this land by a written instrument that comes within the provisions of the recording act.

By the court: In this case, we think the distinction between an executory contract or a deed or an informal conveyance, is whether the parties intended that anything more should be done. The contract or writing is simply this: "I do hereby agree that Jonathan Phillips shall have the land he is in possession of now, for the labor he done for me over age, and this shall be his receipt for all of my rights and claims against the land." If the purchase money had not been paid then, it would lead to the inference that something more was intended to be done, but there seems to be nothing further for David Phillips to do. By that writing he says Jonathan shall have the land and says that the consideration is all paid and that this instrument shall be Jonathan's receipt for all his rights and claims against the said land. It seems to be a transaction complete in itself, nothing more to be done by David, nothing more to be done by Jonathan. No occasion for the interference of a court of equity, for here is a conveyance of land. Now comes in the rule that in a conveyance formal or informal, which is intended to be a final disposition, the word heirs is necessary to carry a fee. It is impossible for me to see why this well-established rule of common law does not apply to this instrument, and I am compelled to reject the offer of this instrument.[1]

The counsel for the defendants renew the former offer, prout patet supra; to be followed by proof that Jonathan Phillips entered into possession of the land in dispute under said agreement and continued in possession until his death; that he cleared land, built a house and barn and made other valuable improvements upon the land. Also to be followed by proof

of the declarations of David Phillips, made against his interest, that he had given his son Jonathan Phillips, a writing that he would secure the land in dispute to Jonathan Phillips his heirs or children. Also to be followed by proof that the land of which Jonathan Phillips was in possession Aug. 20, 1850, is the same land now in possession of his heirs, and that the rights and claims of David Phillips to the said land, before he signed the agreement, were a fee simple title thereto. This for the purpose of showing that Jonathan Phillips had an equitable title to the land in dispute which descended to his heirs and children: to be followed by offering in evidence the original agreement with proof of the signature of David Phillips thereto, by proof that this was intended by both of the parties as an executory contract, and by proof of the declarations of David Phillips after the death of Jonathan Phillips to the effect that the heirs of Jonathan Phillips were not badly off, because they owned that land.

Counsel for plaintiff renew their former objections, prout patet supra, and add thereto the further objection that a written instrument or deed cannot be added to by parol or impeached by parol testimony.

By the court: We sustain the objections and reject the testimony.[2]

The court, SITTSER, P. J., directed a verdict under the evidence in the case for the plaintiff, upon which judgment was subsequently entered. Thereupon the defendants took this writ, assigning as error:

1, 2. The refusal of the defendants' offers.[1][2]

*Mr. W. E. Crawford* and *Mr. E. P. Ingham* (with them *Mr. A. L. Grim*), for the plaintiffs in error:

1. Is the writing an executed conveyance or deed, as held by the court below, or merely an executory agreement? It lacks many of the essential requirements and has none of the orderly parts of a deed. It has no words of present assurance, but, on the contrary, covenants for a future grant: "I agree that Jonathan Phillips shall have;" and there is no seal attached to it. These defects at common law would have rendered it void as a deed: 2 Bl. Com. 227–312; 4 Kent's Com. 450; Taylor v. Glaser, 2 S. & R. 502; Duncan v. Duncan, 1

W. 327. It is apparent from the paper itself that it contemplated a more formal conveyance; if so, then something remained to be done in pursuance of it, and it is but an executory agreement.

2. Whether an informal instrument, transferring an interest in real estate, shall be construed a conveyance or but an agreement for a conveyance, must depend not on any particular words or phrases that are found in it, but on the intention of the parties as collected from the instrument itself, and, when that is doubtful, from the circumstances attending it: Kenrick v. Smick, 8 W. & S. 45; Ogden v. Brown, 33 Pa. 247; Stewart v. Lang, 37 Pa. 201; Shirley v. Shirley, 57 Pa. 267; Miner's App., 61 Pa. 283; Buckley's App., 62 Pa. 491; Horn v. Pattison, 1 Gr. 304; Thompson v. McClenachan, 17 S. & R. 112.

3. One of the rules of the law requires that the construction of a grant be brought as near as may be to the apparent intent of the parties; others require not only that every word be made to operate, but that it operate most strongly against the speaker: Roberts v. Wilcock, 8 W. & S. 469. If therefore, the writing of August 20, 1850, was an executory agreement, it was clear error to reject the paper because it did not contain the word heirs, for in such an agreement words of limitation are not necessary, or they will be supplied, in order to pass a fee: Defraunce v. Brooks, 8 W. & S. 67; McFarson's App., 11 Pa. 503; Ross v. Baker, 72 Pa. 186.

*Mr. E. M. Dunham* (with him *Mr. Thomas J. Ingham* and *Mr. R. J. Thomson*), for the defendant in error:

1. The first rule in ascertaining the intention of the parties, whether the instrument is a mere executory agreement, or a fully completed conveyance, is to inquire whether the language imports a present conveyance, or whether, collecting all its parts, it contemplates a further assurance to pass title: Gray v. Packer, 4 W. & S. 17; Kenrick v. Smick, 7 W. & S. 45; Ogden v. Brown, 33 Pa. 249; Garver v. McNulty, 39 Pa. 484; Bortz v. Bortz, 48 Pa. 382.

2. Nowhere in the instrument is there anything indicating in the slightest degree an idea of anything further to be done. Jonathan was in possession; so no possession was to be given.

The words, "I do hereby agree that Jonathan Phillips shall have the land he is in possession of now," plainly import that Jonathan was to have it from that time on. But when he adds, "and this shall be his receipt for all my rights and claims against the land," he shows beyond all question that so far as his rights or interests in that land were concerned, he had disposed of all that was ever expected to be conveyed.

3. This being an executed contract, or a conveyance, Jonathan took but a life estate and his heirs derived no interest. In a will, the legal force of the word, "heirs" may sometimes be controlled by the context, but not so in a deed: Hileman v. Bouslaugh, 13 Pa. 344; Gray v. Packer, 4 W. & S. 17; Brown v. Mattocks, 103 Pa. 17. The instrument conveying but a life estate, the purchase by the plaintiff, after the death of Jonathan, would be innocent and protected by the recording acts against any understanding or declarations contrary to the plain import of the writing of which he had no notice: Shirley v. Shirley, 59 Pa. 274; Leach v. Ansbacher, 55 Pa. 85; Pancake v. Cauffman, 114 Pa. 113; Boggs v. Varner, 6 W. & S. 469; Brinser v. Anderson, 20 W. N. 505.

4. Jonathan was in possession of the land at the date of the writing; therefore no possession could be taken in pursuance of it. The instrument was not self-sustaining, but required parol testimony to sustain any essential part of it. Parol evidence was required to show what land Jonathan was in possession of on August 20, 1850. The writing, therefore, was not sufficient to take the case out of the statute of frauds, was a mere parol contract unaccompanied with possession taken under it, and therefore conveyed but an estate at will: Christy v. Barnhart, 14 Pa. 260; Soles v. Hickman, 20 Pa. 183; Ferguson v. Staver, 33 Pa. 413; Morris v. Stephens, 46 Pa. 200.

OPINION, MR. JUSTICE CLARK:

This ejectment was brought to recover the possession of two hundred and fifty acres of land, more or less, situate on the North Mountain, in Sullivan county. Both parties claim title under David Phillips, who sometime prior to the year 1847 became the owner in fee. The plaintiff gave in evidence the record of an agreement for the sale of the land in dispute, by David Phillips to Henry Swank, dated 17th October, 1863, and

proved the payment of $1,500 in full of the purchase-money. It was further shown, that Swank went into and remained in the possession under his purchase, until 7th April, 1881, when the defendants were found to be in the occupancy of a vacant house on the tract, claiming title to, and possession of the whole tract.

To maintain the issue on their part, the defendants, who were sons of Jonathan Phillips, offered in evidence the record of a writing, in the words and form following, to wit:—

Augest the 20, 1850:—i do herby agree tht Jonathan Phillips shall have the land wich he is posetion of now for the labor he don for me over age and this shall be his wrecept for all my writes and claims against the land.

    [Signed]            DAVID PHILLIPS.

This offer to be followed by proof that Henry Swank purchased with notice of Jonathan Phillips' title, and that the land of which Jonathan Phillips was in possession, at the date of this writing, is the same land of which the defendants in this suit are now possessed.

This offer was refused upon the ground that the writing was, in legal effect, an executed conveyance of the land, and, as it contained no words of inheritance, it passed only a life estate to Jonathan Phillips, and was ineffective to vest any estate or right in the defendants at his decease.

If the writing referred to is to be construed as a complete conveyance of the land, the court was right in holding that an estate for life only would pass under it: Gray v. Packer, 4 W. & S. 18. In a will, the force of the word "heirs" may be controlled by the context; but in a deed, it is a term of art, and indispensable to carry a fee: Hileman v. Bouslaugh, 13 Pa. 344. So, in an executory contract, the absence of words of inheritance will not prevent the passing of a fee simple in equity, where it appears to have been the intention of the contract to convey a fee: McFarson's Appeal, 11 Pa. 511. Equity will supply words of inheritance, and imply a fee where the consideration paid or other circumstances evince that no less than a fee was intended: Defraunce v. Brooks, 8 W. & S. 68; Ogden v. Brown, 33 Pa. 250. The primary question in this case therefore, is, whether the writing embraced in the defend-

ants' offer, is to be construed as a conveyance or an agree‑ment to convey.

It is a well recognized rule of construction, that whether an informal instrument, transferring an interest in real estate, shall be construed a conveyance, or an agreement only, de‑pends, not upon any particular words and phrases it may con‑tain, but on the intention of the parties, derived from the instrument itself; and, when that is doubtful, from the cir‑cumstances attending its execution: Kenrick v. Smick, 7 W. & S. 41; Bortz v. Bortz, 48 Pa. 382. The intention is so imperative, that even the strongest words of conveyance in the present tense will not pass the legal estate, if other parts of the instrument show that this was not the intention of the parties: Williams v. Bentley, 27 Pa. 301. On the one hand, technical words of present conveyance are not necessary to constitute an executed contract; if the intention is plain, it is sufficient; and, on the other hand, even though technical words of present grant are used, yet, if by reason of something further remaining to be done, or from the tenor of the whole instru‑ment, the design of the parties is manifested that the contract is executory merely, it will be so construed.

In determining this intention, ex visceribus, the first rule, however, is to inquire whether the language imports a present conveyance, or whether, collecting all its parts, it contem‑plates a further assurance to pass the title: Bortz v. Bortz, supra. Applying this rule in the construction of the writing offered in this case, it is plain that there are no technical or other words of present conveyance. By its terms David Phillips "agrees" that Jonathan "shall have" the land which is designated as "the land he is in possession of now," without any formal or further description whatever; he is to have the land for the labor he did for his father, after the years of his majority, and it is provided, that "this shall be his receipt," etc. Although David Phillips was the owner in fee, and the "receipt" was for all his "rights and claims against the land," there are no words of inheritance or words indicating the suc‑cession to the title at Jonathan's death. If the parties intended the writing for an executed contract, then but a life estate passed: that such an effect was the design of the parties, in view of the language just quoted, it is difficult to believe, for

it is obvious that David Phillips intended to convey his entire estate, and his title was in fee. The instrument is not styled a deed or a conveyance, it is in the nature of an agreement; it is of the most informal character; it does not disclose the slightest efforts to adopt the orderly parts of a conveyance. It is not under seal; indeed it bears upon its face the most distinct and unequivocal marks of an executory contract; it is nothing more or less than a "receipt" for the purchase-money of the land, and an agreement to convey in consideration thereof.

Nor do we regard the case as coming within the statute of frauds. It is true, a written contract, in order to comply with the statute, must be in some sense self-sustaining. "It would be mere folly," as was said in Morris v. Stephens, 46 Pa. 200, "to make a conveyance to my next door neighbor, or to the person now sitting at the table with me, by this description, instead of by name; the law could hardly be expected to enforce such a conveyance in the face of the statute which requires conveyances to be in writing and to be self-sustaining, with the exception only of such necessary uncertainty as is involved in their application to persons named and things described." There is, as intimated in the language of the case referred to, a necessary uncertainty in writings, involved in their application, not only to persons but to things described therein. If there are two or more persons of the same name, it may be necessary by parol proof to fix the identity of the person intended, or the thing concerning which the parties propose to contract may be described in such general terms as to require parol proof to identify the particular subject of the contract. It is quite impossible in most cases so to describe land as to avoid the necessity of parol proof for its identification; for, whether it be described by metes and bounds, by monuments erected upon the ground, or by adjoiners, its identification necessarily becomes the subject of parol proof. In this instance, the lands agreed to be conveyed were described as the land of which Jonathan was at the time in the actual occupancy and possession; this was no more open to the objection stated than if it had been described by its adjoiners, or by marks upon the ground.

Upon an examination of the whole case we are of opinion,

that the defendants' offers should have been received, and that the court erred in excluding them.

The judgment is therefore reversed, and a venire facias de novo awarded.