Statement of Facts.

## JAMES R. MELLON v. THOS. K. DAVISON.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1888—Decided January 7, 1889.

1. A contract for the sale of lands is within the statute of frauds and therefore void and unenforceable, if parol testimony be required to establish any essential part of it: Hammer v. McEldowney, 46 Pa. 334; Ferguson v. Staver, 33 Pa. 413.

2. The alleged vendor's receipt for a payment on account of "the price to be paid to me for a lot of ground fronting about 190 feet on the P. R. R., in the Twenty-first ward, Pittsburgh," failing to identify and describe the land sold, is inadmissible in proof of title.

3. And such receipt may not be effectively supplemented by parol testimony that unattached pencil sketches, locating the property in outline but unconnected with the receipt by internal reference, were made and delivered by the vendor when the receipt was signed; that the land described in the receipt "applies" to the land described in the writ, and that the vendor owned at the time no other real estate in said ward.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 185 October Term 1888, Sup. Ct.; court below, No. 561 March Term 1887, C. P. No. 1.

On February 23, 1887, a summons in ejectment was served in an action brought by James R. Mellon against Thomas K. Davison, to recover a lot of ground in the Twenty-first ward, Pittsburgh. Issue.

At the trial on February 8, 1889, before SLAGLE, J., the plaintiff by his abstract filed claimed title as follows:

On February 12, 1887, Thomas K. Davison, the defendant, owning the property in dispute in fee, entered into a written contract to sell the same to H. P. Krebs and David Richmond for $5,000, $1,000 of which was paid in cash when the contract was made. On February 14th, Krebs and Richmond by a contract in writing sold the property to James R. Mellon, the plaintiff, and at the same time signed a written request of the defendant to execute and deliver a conveyance of the

property to the plaintiff upon payment by him of the balance of purchase money. On February 16th, the plaintiff gave notice to the defendant of his purchase from Krebs and Richmond, presented said written request, made a tender of the unpaid purchase money, and demanded a conveyance, which was refused.

The plaintiff having shown title in fee to the property in dispute in the defendant on February 12, 1887, and that the defendant was in possession at the service of the writ, to show his right to recover was permitted to prove, under objection and for the time being, the signature of the defendant to a receipt, exhibit No. 1, and that two detached drafts, in pencil, exhibits Nos. 2 and 3, had been made by the defendant, one in the morning of February 12, 1887, and the other in the evening of that day, at the time when exhibit No. 1 was given. Exhibit No. 1 was as follows:

PITTSBURGH, February 12, 1887.

Received from H. P. Krebs, Esq., one thousand dollars, being the first payment on account of $5,000.00, the price to be paid to me for a lot of ground fronting about 190 feet on the P. R. R., in the 21st ward, Pittsburgh, Pa.

$1,000.00.                                  THOMAS K. DAVISON.

The plaintiff then made a number of offers of the receipt and drafts, together and separately, to be followed with testimony showing the sale by Krebs and Richmond to the plaintiff; that a tender was made by the plaintiff of the balance of the purchase money to the defendant; that at the time of the execution of these exhibits by the defendant he had no real estate in the Twenty-first ward on the Pennsylvania Railroad other than that in dispute; that the description of the land in the receipt applies to the land described in the præcipe and writ; with an offer to pay the balance of the purchase money into court.

The offers were all objected to, were refused and bills sealed.

No other testimony being offered, the court instructed the jury to find for the defendant.

The jury returned a verdict for the defendant, as instructed. A rule for a new trial having been discharged, the plaintiff took this writ, assigning as error the refusal of his offers and the instruction to the jury to find for the defendant.

*Mr. J. McF. Carpenter* (with him *Mr. Wm. A. Stone*), for the plaintiff in error:

1. It will scarcely be contended that a full, formal contract in writing, containing a complete description of the land to be sold, and signed by both seller and buyer, is necessary to make a contract valid and binding upon both parties. It has been repeatedly held otherwise. It is sufficient if the contract be signed by the vendor: Lowry v. Mehaffy, 10 W. 387; McFarson's App., 11 Pa. 503; Tripp v. Bishop, 56 Pa. 429; Smith's App., 69 Pa. 474; Cadwalader v. App, 81 Pa. 194. It is not essential that the price be mentioned: Bowser v. Cravener, 56 Pa. 132.

2. If, as was objected, the receipt given in the present case was insufficient to bind the defendant, because the land was not located and described with sufficient certainty, then this court has seriously erred in several reported cases. In Smith's App., 69 Pa. 474, the contract offered in evidence named neither township, county nor state, no boundaries were given and the contract was signed by the grantors alone. In Ross v. Baker, 72 Pa. 186, the receipts totally failed to describe the land by adjoiners, township, county or state, and yet they were held sufficient. We press this case upon the attention of the court.

3. The receipt in the present case was accompanied by two pencil drafts or sketches, one of which outlined the property and noted frontage of 190 feet on P. R. R., also gave distance back to alley on one side, and distance to Frankstown avenue on the other side. The other draft gave location of P. R. R. frontage thereon, distance back to an alley bounding the lot, also distance from railroad to Frankstown avenue, also location of adjoining property owned by Wm. Holmes, and other property of Davison. All these papers were delivered as part of the transaction, and at the time the contract was closed. Surely this should be sufficient to protect the purchaser and his assignee.

*Mr. Thos. C. Lazear* (with him *Mr. C. P. Orr* and *Mr. R. B. Carnahan*), for the defendant in error:

1. That the receipt in question is insufficient of itself to take the case out of the statute, we need refer only to Soles v. Hickman, 20 Pa. 180, and Hammer v. McEldowney, 46 Pa.

334; for it is not pretended that the description and location of the land in controversy is capable of ascertainment from the instrument alone. To meet the requirements of the statute, the whole agreement must be in writing, and certainly the subject matter is an essential part of every contract. The receipt fails to describe the land, either as to quantity, dimensions, or location. Nor are there such other matters of description, as in Smith's App., 69 Pa. 47, and Ross v. Baker, 72 Pa. 186, to bring the case within the maxim, id certum est quod certum reddi potest. " If the subject matter, the land, be described, we admit evidence to apply the description to the land; but we cannot admit parol evidence, first, to describe the land sold, and then, to apply the description : " Ferguson v. Staver, 33 Pa. 411.

2. Nor was the case helped by the attempt to prove the delivery of the drafts or papers at the time of the signing of the receipt; for, even if they sufficiently described the land, and they did not, there was no reference to these papers in the receipt, and their connection could only be shown by parol evidence, which is not in accordance with the statute, and that is all the plaintiff proposed to do. We admit that it is not requisite that all the parts of a contract, to be good under the statute, should be contained in one paper; but it is abundantly settled by the authorities that where the contract is made up of several papers or letters, they must be so connected by written links as to form one written contract: Sugden on Vendors, 14th ed., 205; Tyson v. Killon, 3 E. C. L. R. 708; Wheelan v. Sullivan, 102 Mass. 204.

OPINION, MR. JUSTICE HAND :•

The plaintiff brought his action of ejectment to enforce the specific performance of an alleged contract made under the following circumstances. He claimed to have bought the land of H. P. Krebs, who purchased the land by virtue of the following receipt, to wit:

"PITTSBURGH, February 12, 1887.

"Received from H. P. Krebs, Esq., one thousand dollars, being the first payment on account of five thousand dollars, the price to be paid me for a lot of ground fronting about 190 feet on the P. R. R. in the 21st ward, Pittsburgh, Pa.

(Signed) "THOMAS K. DAVISON."

The plaintiff offered to show that the receipt was accompa-

nied by two pencil drafts which outlined the property and noted frontage of one hundred and ninety feet on P. R. R., also gave distance back to alley on one side and distance to Frankstown avenue on the other side. The other draft gave location of P. R. R. frontage thereon, distance back to an alley bounding the lot, also distance from railroad to Frankstown avenue, also location of adjoining property owned by William Holmes and other property of Davison. The drafts were not, either of them, attached to the receipt, nor were they referred to, nor was the receipt referred to in the drafts. No date or signature was upon the drafts. They were mere pencil sketches such as could be made or altered at any time without detection. It may be admitted, for the sake of the argument, that if the drafts had been attached properly or referred to in the receipt in such shape as to identify them, that a surveyor could locate the land, being assisted by sufficient evidence to make a starting-point on the ground, or, in other words, to apply a complete description to the land on the ground.

On the trial of the case the plaintiff offered in evidence the receipt, and the two drafts severally and together, with an offer to show by parol testimony that the land described in the receipt applies to the land described in the præcipe and writ. Also, that Davison had no other real estate in the Twenty-first ward of the city of Pittsburgh. Also, a tender of the balance of purchase money. The court rejected the evidence.

In this the court were right. The statute of frauds requires that such a sale of land as was attempted, must be in writing. It cannot be by parol. It is by parol if it requires verbal testimony to prove any essential part of it. In this case the land could not be identified or described without parol testimony. The receipt did not help the draft, nor the draft the receipt. One could have been made for one person, the other for another: the receipt could travel over any piece of land in the ward, and the draft could describe any part of a tract which might have been the subject-matter of negotiation. The two were in no way tied together, and to attempt to join them by parol evidence, would open the door which is shut by the statute. Among numerous authorities, we refer to Hammer v. McEldowney, 46 Pa. 334, and to the language of LOWRIE, C. J., in Ferguson v. Staver, 33 Pa. 413.

The judgment in this case is affirmed.