## Ranney *v.* Byers, Appellant.

*Trusts and trustees—Declaration of trust—Sufficiency of declaration—Act of April 22, 1856, P. L. 532.*

The essential elements of a declared trust are: the subject-matter of the trust; the designation of the cestui que trust; and the right or interest of the cestui que trust in the subject-matter of the trust. It need not be created by writing, but is required by the statute to be "manifested by writing signed by the party holding the title thereof." If in writing, the declaration need not be expressed in any particular form of words, even the words "trust" or "trustee" need not be used; but the language employed must be such as to disclose with certainty the purpose to create a trust.

. A writing headed "The Byers Place—J. P. Byers," and designated as "Memoranda and agreement," was as follows: "The arrangement with Mr. Byers is this: All money invested by him in the Byers Place to be placed to his credit and to bear interest from the date credit is given until paid. When the total principal and interest is paid in full

then the residue or remaining property to belong to C. W. and R. B. Ranney (Signed) J. P. Byers." *Held*, (1) that the writing was a declaration of trust sufficient to meet the requirements of the act of 1856; (2) that the designation of the subject of the trust as "Byers Place" was a sufficient description; and (3) that as the subject-matter was designated, parol evidence was admissible to apply the description to the land.

Where a writing declaring a trust is complete in itself, stating the subject-matter designating the cestui que trust and his interest in the subject-matter, parol evidence is admissible to identify and locate the subject of the writing.

Argued Oct. 23, 1907. Appeal, No. 152, Oct. T., 1907, by defendants, from decree of C. P. Lawrence Co., Dec. T., 1906, No. 6, on bill in equity in case of Cassius W. Ranney and Robert B. Ranney v. John P. Byers and S. C. Faddis. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to declare a trust. Before PORTER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree in favor of plaintiffs.

*J. Norman Martin*, with him *Leonard M. Uber*, for appellant.—The statute of frauds requires that such a sale of land as was attempted must be in writing. It cannot be by parol. It is by parol if it requires verbal testimony to prove any essential part of it. In this case the land could not be identified or described without parol testimony : Hammer v. McEldowney, 46 Pa. 334 ; Sausser v. Steinmetz, 88 Pa. 324.

An equitable interest in land is within the statute, and cannot be conveyed by parol : Gratz v. Gratz, 4 Rawle, 411 ; Goucher v. Martin, 9 Watts, 106 ; Meason v. Kaine, 63 Pa. 335 ; s. c., 67 Pa. 126.

An easement is within the statute : Huff v. McCauley, 53 Pa. 206 ; Yeakle v. Jacob, 33 Pa. 376.

A contract for growing timber to be taken off at discretion is within the statute : Pattison's Appeal, 61 Pa. 294 ; Miller v. Zufall, 113 Pa. 317 ; Robbins v. Farwell, 193 Pa. 37.

*R. A. Winternitz*, with him *Gregory & Dickey*, for appellees.—The writing was a sufficient declaration : Smith's Est.,

144 Pa. 428; Saylor v. Leedom, 5 Montg. 78; Marvine v. Drexel, 68 Pa. 362; Williard v. Williard, 56 Pa. 119; Centenary M. E. Church v. Clime, 116 Pa. 146; Wright v. Gas Co., 2 Pa. Superior Ct. 219; Smith v. Howell, 11 N. J. Eq. 349; Hunsecker's Estate, 19 Pa. C. C. Rep. 14; Graver v. Scott, 80 Pa. 88; Gould v. Lee, 55 Pa. 99; Ash v. Ash, 4 Pa. Dist. Rep. 725; Henry v. Black, 210 Pa. 245.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

The learned trial judge was right in holding that the writing signed by Byers was a sufficient declaration of trust under the Act of April 22, 1856, P. L. 532, 2 Purd. (13th ed.) 1757, and in entering a decree in conformity with the prayer of the bill.

As has been frequently said, the essential elements of a declared trust are the subject-matter of the trust, the designation of the cestui que trust, and the right or interest of the cestui que trust in the subject-matter of the trust. It need not be created by writing, but is required by the statute to be "manifested by writing signed by the party holding the title thereof." If in writing, the declaration need not be expressed in any particular form of words; even the words "trust" or "trustee" need not be used, but the language employed must be such as to disclose with certainty the purpose to create a trust. It may be couched in any language which is sufficiently expressive of the intention to create a trust: Smith's Estate, 144 Pa. 428.

The paper signed by Byers and delivered to plaintiffs, the declaration of trust in this case, is as follows:

"THE BYERS PLACE,
          "J. P. BYERS.                                    DR.   CR.
                    "NEW CASTLE, PA., Aug. 3, 1896.

"Memoranda and agreement.

"The arrangement with Mr. Byers is this: All money invested by him in the Byers place to be placed to his credit, and to bear interest from the date credit is given until paid. When the total principal and interest is paid in full then the residue or remaining property to belong to C. W. and R. B. Ranney.

                                        "J. P. BYERS."

It will be observed that this paper sets out a subject-matter, designates the cestuis que trust, and their right or interest in the subject-matter. The subject-matter is the "Byers Place," the cestuis que trust are C. W. and R. B. Ranney, and they are the owners of the whole property. This declaration is, apparently at least, sufficient to meet the requirements of the statute of 1856. In fact, as we understand, it is conceded that it does contain all the requisites demanded by the statute except the subject-matter is not named, or, rather, it is not sufficiently described to meet the requirements of the statute. It is contended that there is "nothing contained in the alleged declaration of trust that couples Byers Place with the lands described in the deed from Adam Treser to John P. Byers." But the declaration unquestionably names a subject-matter. From the wording of the instrument itself, "Byers Place" is well known and its existence recognized by Byers himself. The instrument is written and dated at "The Byers Place," and the body of it declares the "Byers Place" to be the subject in which Byers has invested his money for which he is to have a credit, and that when the principal and interest of the money thus invested by him are paid the "remaining property to belong to C. W. and R. B. Ranney." Can there be any doubt that Byers and the Ranneys knew when the instrument was executed and delivered, and now know what the "Byers Place" is, what real estate it includes, where it is situated, and that a decree of the court containing a like description would be sufficient to locate the property? It is a matter of common knowledge that residential and other real estate property is frequently given some name by which it is known, is described in written instruments, and is recognized by everyone familiar with the property. Many written agreements for the sale of real estate contain no better or fuller description of the property than the name by which it is generally known in the community, and for a court to hold that such name is an inadequate description is to give an opportunity to every dishonest vendor or vendee to evade his contract. A court of equity should be slow in announcing a doctrine that would produce such results. While the statute of 1856 is most salutary legislation and its enforcement will unquestionably prevent fraud as well as perjury, yet, as has

been frequently said, it must not be made a means of aiding anyone to perpetrate a fraud. Here, as we have observed, all the parties interested in the trust know the property, the subject-matter, involved. Byers used the name in the declaration which he signed as the one appropriate to and correctly describing the property. It was the name he recognized as descriptive of the property which he declared he held for the Ranneys. He should not now be permitted to say that the name means nothing, is descriptive of no property, and is not sufficient to describe the real estate in dispute.

If, however, the name used in the writing to designate the subject of the trust is not sufficient to identify or locate the property, is parol evidence admissible for that purpose? It is true, as we have frequently held, that a declaration of trust is condemned by the statute unless all its essential elements are in writing. Parol testimony is not admissible to establish any essential part of the declaration. But when the writing is complete in itself, stating the subject-matter, designating the cestui que trust and his interest in the subject-matter, there is no reason why parol evidence should not be received to identify and locate the subject of the writing. The distinction between parol evidence when offered for the latter purpose and when offered for the purpose of naming or designating the subject-matter of the contract is of vital importance and determines its admissibility. While, as we have seen, in creating a trust, it is essential to its validity that the writing designate the subject-matter, no language or form of words, however, has been prescribed by the statute, the simple requirement being that the subject, as stated, be definite and certain. When, therefore, the instrument names a definite subject it satisfies the statute, and parol evidence is admissible to identify or locate it on the ground. This rule is recognized alike in text-books and in the decisions of the courts. In Stephen's Digest of the Law of Evidence, article XCI, pl. 4, it is said : " In order to ascertain the relation of the words of a document to the facts, every fact may be proved to which it refers or may possibly have been intended to refer, or which identifies any person or thing mentioned in it." In his work on the Law of Evidence, chap. 19, sec. 1194, Mr. Taylor says : " Passing now to the consideration of the second description

of evidence, which is admissible in explanation of written instruments, it may be laid down as a broad and distinct rule of law, that extrinsic evidence of every material fact, which will enable the court, to ascertain the nature and qualities of the subject-matter of the instrument, or, in other words, to identify the persons and things to which the instrument refers, must of necessity be received." Mr. Greenleaf (Evidence, Lewis's ed., sec. 266) states the rule applicable to the admission of parol evidence under the statute of frauds as follows : " It is to be observed, that the statute does not require that the trust itself be created by writing, but only that it be manifested and proved by writing ; plainly meaning that there should be evidence in writing, proving that there was a trust and what the trust was. . . . In all these cases, it seems now to be generally conceded that parol evidence, though received with great caution, is admissible to establish the collateral facts (not contradictory to the deed, unless in case of fraud) from which a trust may legally result."

Turning now to our own cases, it will be seen that for at least three-quarters of a century a like doctrine as to the admission of parol evidence has prevailed in this state. In Bertsch v. Lehigh Coal Navigation Company, 4 Rawle, 130, it is held, as stated in the syllabus, that parol evidence may be given to explain a written agreement, so far as to give locality and identity to the subject-matter of it, and apply the contract to it. In delivering the opinion, Mr. Justice KENNEDY says (p. 139) : " As often as written agreements fail to describe by metes and bounds the lands contracted for, and to give a precise location to them, the omission is always supplied, and the application of the agreements made to the lands by the introduction of parol evidence, which has ever been considered competent ; otherwise, in, most cases the agreements could never be carried into effect." In Gould v. Lee, 55 Pa. 99, Chief Justice WOODWARD delivering the opinion says (p. 108) : " Parol evidence is not admissible to alter or contradict what is written, upon the very obvious principle that the writing is the best evidence of the intentions of the parties ; but parol evidence has many times been received to explain and define the subject-matter of written agreements. Herein is no contradiction."

Ferguson v. Staver, 33 Pa. 411, was an ejectment, and the court held that the subject-matter of the writing was within the statute of frauds. In delivering the opinion Chief Justice Lowrie, in speaking of the contract in that case, says (p. 413): "Its subject-matter is an essential part of it—and without it, there is no contract. If the subject-matter, the land, be described, we admit evidence in order to apply the description to the land; but we cannot admit parol evidence, first, to describe the land sold, and then, to apply the description." Smith & Fleek's Appeal, 69 Pa. 474, was a bill filed to restrain the defendant from entering upon certain premises and cutting and removing the timber therefrom. It was held that the contract was not within the statute of frauds. Williams, J., delivering the opinion, said (p. 480): "Equally unfounded is the objection that the contract is incomplete in its terms. It sets out the parties and the consideration, and sufficiently describes the subject-matter—'said land is all that piece bought of Rose by Thomas Smith and Porter Fleek,'—certum est quod certum reddi potest. If the subject of the contract is described, parol evidence is admissible to apply the description to the land: Ferguson v. Staver, 33 Pa. 411." Phillips v. Swank, 120 Pa. 76, was an ejectment, and it was there held that the contract upon which the title depended was not ineffective under the statute of frauds. In delivering the opinion, Mr. Justice Clark says (p. 85): "It is true, a written contract, in order to comply with the statute (of frauds), must be in some sense self-sustaining. 'It would be mere folly,' as was said in Morris v. Stephens, 46 Pa. 200, 'to make a conveyance to my next door neighbor, or to the person now sitting at the table with me, by this description, instead of by name; the law could hardly be expected to enforce such a conveyance in the face of a statute which requires conveyances to be in writing and to be self-sustaining, with the exception only of such necessary uncertainty as is involved in their application to persons named and things described.' There is, as intimated in the language of the case referred to, a necessary uncertainty in writings, involved in their application, not only to persons but to things described therein. If there are two or more persons of the same name, it may be necessary by parol proof to fix the identity of the person in-

tended, or the thing concerning which the parties propose to contract may be described in such general terms as to require parol proof to identify the particular subject of the contract. It is quite impossible in most cases so to describe land as to avoid the necessity of parol proof for its identification; for whether it be described by metes and bounds, by monuments erected upon the ground, or by adjoiners, its identification necessarily becomes a subject of parol proof."

Under this well-recognized doctrine, sustained alike by text-writers and decided cases, we think that, if necessary, parol evidence was admissible to identify and locate the " Byers Place," the subject-matter of the declaration of trust. The name used in the declaration describes the property, the subject of the trust. Parol evidence is not admissible to show what real estate the settlor or cestui que trust intended to be included in the trust. Had the settlor in the declaration not described the land, or given any name by which it was known or recognized, or had referred to it in such general terms as to make no one of several pieces of property applicable to the trust, parol evidence could not have been introduced to determine the subject of the trust. On the other hand, when the settlor does describe the property by a name, recognized by himself and the cestuis que trust, as well as by other persons in the community, parol evidence will be admitted to apply the description to the land. This is simply identifying the property made the subject of the trust by the declaration, and not establishing the subject-matter of the trust by parol evidence. It is not proving an essential part of the declaration by parol—that cannot be done—but simply identifying or locating the subject, an essential part of the declaration.

We have examined the cases cited in the appellant's brief to support his contention that parol testimony is not admissible to identify or define the " Byers Place," the subject-matter of this trust, but the facts of none of these cases sustain the position. In Mellon v. Davison, 123 Pa. 298, the real estate described in the writing " was a lot of ground fronting about one hundred and ninety feet on the P. R. R. in the twenty-first ward, Pittsburg, Pa." There was no description of any particular lot. There might have been one dozen or 100 lots fronting on the railroad owned by Davison at that

time, and hence it was not a description of any lot. To admit parol testimony to show which of these lots was the subject-matter of the trust would have been to admit it for the purpose of showing the subject-matter of the trust. In Hammer & Dauler v. McEldowney, 46 Pa. 334, the property was described in the writing as "the houses on Smithfield Street." This is open to the same objection as the description in the writing in the Mellon case. In such cases parol testimony could not apply the subject-matter, because no subject-matter was named. To refer to a property as a lot on Smithfield street or as a lot of ground on the Pennsylvania railroad is not to describe any particular lot, and hence parol testimony could not identify it.

The learned judge was fully justified in entering the decree which he made. It is molded so as to do justice between the parties in carrying out the trust which Byers assumed, and he is, therefore, not in a position to complain. It gives him all he is entitled to in a court of equity.

The decree of the court below is affirmed.