## Weisenberger et al., Appellants, v. Huebner et al.

*Specific performance—Sale of real estate—Statute of frauds— Contract—Two or more writings—Act March 21, 1772, 1 Sm. L. 389.*

1. A sale of real estate cannot be specifically enforced unless all the requisite facts in regard thereto are in writing, including the absolute identification of the property.

2. The requisite facts may appear in two or more papers if from any of them or from any other writing it is shown they together form the contract of sale.

3. The writing or writings must be signed by the real owner if his title is to be affected thereby.

*Judgment—Equity—Decree pro confesso against trustee—Effect upon equitable owner—Defense—Statute of frauds.*

4. A decree pro confesso against a dry trustee, who holds the legal title to land, does not prevent the owner of the equitable title from interposing the statute of frauds in opposition to the enforcement of the contract as against him or his land.

*Deeds—Delivery—Absolute—Conditional—Escrow.*

5. A deed cannot be delivered in escrow to the grantee named therein; such a delivery is absolute and not conditional.

*Trusts—Pleading—Proof.*

6. An alleged trust in order to be available to a litigant, must be both averred and admitted or proved.

*Equity — Answers to interrogatories — Pleadings — Evidence— Parties.*

7. Answers to interrogatories filed with a bill in equity are part of the pleadings, and cannot be offered or used as evidence against other defendants.

Argued March 10, 1919. Appeal, No. 127, Jan. T., 1919, by plaintiffs, from decree of C. P. Northampton Co., June T., 1914, No. 1, in equity, dismissing plaintiffs' bill in case of Samuel Weisenberger, Herman Schermer, Samuel Miller and Solomon Goodman v. Gottlieb Huebner, Jacob W. Hagey and Mary L. Cyphers, Executrix of Harry A. Cyphers, deceased. Before Brown, C. J., Stewart, Frazer, Walling and Simpson, JJ. Affirmed.

Bill in equity for specific performance of agreement for sale of real estate. Before Stewart, P. J.

The court dismissed the bill because the contract was not in writing. Plaintiffs appealed.

*Errors assigned* were, among others, answers to plaintiffs' requests for findings of fact and conclusions of law and the decree of the court.

*Edward J. Fox* and *John D. Hoffman,* for appellants. —The writing was sufficient: Ferguson v. Staver, 33 Pa. 411; Smith & Fleek's App., 69 Pa. 475; M'Farson's App., 11 Pa. 503; Henry v. Black, 210 Pa. 245; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112.

Parol evidence can be admitted and considered to show the negotiation and all the facts connected with the sale provided it is not in conflict with the written memorandum: Flegel v. Dowling, 54 Oregon 40; Salmon Falls Mfg. Co. v. Goddard, 14 How. (U. S.) 446; Jenkins v. Harrison, 66 Ala. 245; Nickerson v. Weld, 204 Mass. 346.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellees.—When the law requires the contract to be in writing, it means that the complete contract must be proved by the writing: Soles v. Hickman, 20 Pa. 180; Hammer & Dauler v. McEldowney, 46 Pa. 334; Mellon v. Davison, 123 Pa. 298; Agnew v. Southern Ave. Land Co., 204 Pa. 192.

OPINION BY MR. JUSTICE SIMPSON, April 14, 1919 :

Plaintiffs filed a bill in equity praying specific performance of an agreement for the sale of real estate, Gottlieb Huebner, one of the defendants, filed an answer, a decree pro confesso was entered against the other two defendants, evidence was taken, the court decreed a dismissal of the bill because the entire contract was not in writing as required by our Statute of Frauds of March 21st, 1772, 1 Sm. Laws 389, and plaintiffs appeal.

On November 15, 1913, Huebner, for a stated consideration of $1, conveyed to Harry A. Cyphers, who was his attorney and whose executrix is a defendant, a property in South Bethlehem, Penna. For what purpose the transfer was made does not clearly appear, but as the property was encumbered by a number of mortgages and judgments, and was liable to be soon sold under some of them, the probabilities are the conveyance was made for the purpose of enabling Cyphers to assist in adjusting Huebner's difficulties. It is evident, however, that Cyphers was merely a dry trustee for Huebner, who remained in possession of the property and made considerable improvements to it. Plaintiffs' bill avers that Huebner is the "owner in fee simple," and the agreement upon which plaintiffs rely was made by him and not by Cyphers, the latter, as holder of the record title, only approving it; and the bill prays that Huebner be required to specifically perform the contract.

On January 31, 1914, Samuel Weisenberger, one of plaintiffs, paid to Huebner the sum of $2,000, one-fourth of which was contributed by each of plaintiffs, and received a paper, of which the following is a copy :

"Harry A. Cyphers,
"Attorney-at-Law,
"Cor. Fourth Street and Brodhead Ave.,
"South Bethlehem, Pa.
"Jan. 31, 1914.

"Received from Sam. Weisenberger by hand of H. A. Cyphers, Esq., Two Thousand Dollars down money on

acct of purchase price for property at 3 & Spruce. Total price $18,500.   Balance to be paid on or before April 1st, 1914, $18,500 less $2000-$16,500.

"Gottlieb Huebner.

"I hereby approve of the within sale.

"Yours,

"H. A. Cyphers."

The part of the paper above the date is Cyphers's ordinary printed letter-head, and even if a court would be justified in assuming therefrom the property referred to was in South Bethlehem, and that "3 & Spruce" meant 3d & Spruce streets in that city, the statute of frauds would still apply, for the receipt does not specify the size of the property, or whether it is at the corner of "3 & Spruce" and, if it is, at which corner.

To overcome this difficulty, plaintiffs allege the deed from Huebner to Cyphers, above referred to, which was recorded on the same day the receipt was given, ought to be considered in connection with it.   There is nothing stated in either of the two papers, or in any other writing, showing that together they were intended to be the contract of sale, and the coincidence of dates cannot have the effect suggested, in the absence of such written connection: Llewellyn v. Sunnyside Coal Co., 242 Pa. 517. It is also suggested that the deed to Cyphers was originally delivered in escrow, to enable him to convey to whomsoever Huebner might direct.   This may be true, but as the deed was executed by Huebner and delivered to Cyphers two months before the negotiations with plaintiffs began, and Cyphers was a dry trustee for Huebner, the order to make a deed to plaintiffs would have to be in writing signed by Huebner, or it would not bind him.   No such written order is alleged.   Indeed, the receipt, owing to its inadequacy, could not be specifically enforced against either Huebner or Cyphers. Moreover, an escrow is "a deed delivered to a stranger to be by him delivered to the grantee upon the happening of certain conditions, upon which last delivery the trans-

mission of title is complete" (Bouvier's Law Dictionary, Rawle's Third Revision 1072). If delivered to the grantee named in the deed, the delivery is not conditional but absolute, irrespective of the intention: Simonton's Est., 4 Watts 180. Here the deed was delivered to Cyphers, its grantee, and hence the delivery could not be in escrow. It is then suggested that the deed created a trust which plaintiffs could enforce. But what trust? None is averred in the bill or shown in the proofs, and it would have to be both averred and proved to be efficacious: Luther v. Luther, 216 Pa. 1; Frey v. Stipp, 224 Pa. 390; Caveny v. Curtis, 257 Pa. 575.

It is also suggested the statute of frauds is overcome by the fact that Cyphers executed a deed for the property to Weisenberger and showed it to plaintiffs, but would not deliver it because Huebner objected. This is an added proof that Huebner and not Cyphers was the owner of the property. There is, moreover, no internal evidence connecting this deed with the agreement above quoted; and if there was the title of Huebner would not pass thereby. This deed and another conveying the property back to Huebner, were both found among Cyphers's papers after his death, evidently for the purpose of passing the record title to whomsoever should be eventually found entitled thereto.

A different question would arise if the property referred to had a well known name, as for instance, the "Fleming Farm on French Creek": Ross v. Baker, 72 Pa. 186; or the "Hotel Duquesne Property": Henry v. Black, 210 Pa. 245; but there is nothing in the receipt to bring it within that class of cases. On the contrary, it is within the class of Mellon v. Davison, 123 Pa. 298, where the description was "a lot of ground fronting about 190 feet on the P. R. R. in the 21st Ward, Pittsburgh, Pa."; and Safe Deposit & Trust Co. v. Diamond Coal & Coke Co., 234 Pa. 100, where it is held an agreement reformed by parol so as to comport with the one actually made, even if it then specifies every essential fact re-

quired by the statute of frauds, cannot be the basis of a bill for specific performance, because as reformed it is only a parol agreement.

It is suggested also by plaintiffs that Huebner cannot interpose the statute of frauds as a defense because the legal title was in Cyphers, and a decree pro confesso was entered against him; especially as by his answers to the interrogatories filed with the bill he admits the facts relied on by plaintiffs, raises no question regarding the statute, and expresses a willingness to convey to plaintiffs. Those answers, however, are part of the pleadings and not of the evidence (10 Ruling Case Law 421) and cannot be used as evidence against Huebner, who had no opportunity to cross-examine Cyphers: Eckman v. Eckman, 55 Pa. 269; Leeds v. The Marine Insurance Co. of Alexandria, 2 Wheaton 380; 16 Cyc. 397.

In no aspect of the matter, therefore, could Huebner be decreed to specifically perform the contract. He could have been required to return the $2,000 paid by Weisenberger, had he not paid it into court to await the determination of the case.

The decree of the court below is affirmed and the appeal dismissed at the cost of appellant.