# Shaw et al., Ex'rs, Appellants, *v.* Cornman et ux.

*Statute of frauds—Agreement for sale of land—Description.*

1. Under the statute of frauds, an agreement for the sale of land should be sufficiently definite to enable one to identify the subject of sale; but it is not necessary to so describe the land as to avoid the necessity of proof of its identity.

2. The description should be clear enough to enable a surveyor to locate the land with certainty.

3. Where the agreement consists of an offer in writing to sell to vendee "the place you now occupy," and acceptance in writing of the same, followed by a receipt in which the property is designated by street and number in a city designated, the description is sufficient under the statute of frauds.

*Ejectment—Practice, C. P.—Judgment for defendant on pleadings—Act of June 7, 1915, P. L. 887.*

4. In an action of ejectment, where plaintiff moves for judgment on the pleadings, the court may, under the Act of June 7, 1915, P. L. 887, enter judgment for defendants.

Glenn v. Stewart, 265 Pa. 208, followed.

Argued April 20, 1921.   Appeal, No. 405, Jan. T., 1921, by plaintiffs, from judgment of C. P. Blair Co., March T., 1920, No. 220, on verdict for defendants on pleadings, in case of Alfred Shaw et al., executors of Edmund Shaw, deceased, v. Wm. E. Cornman et ux.   Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Ejectment.   Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

The plaintiff moved for judgment on the pleadings.

The court entered judgment for defendants.   Plaintiffs appealed.

*Error assigned,* among others, was judgment, quoting it.

*James S. Woods,* with him *Robert S. Shaw* and *M. M. Morrow,* for appellants.—The alleged agreement for the sale of real estate being premises claimed by plaintiffs from defendants is not adequately expressed within the meaning of the statute of frauds: Soles v. Hickman, 20 Pa. 180; Mellon v. Davison, 123 Pa. 298; Ferguson v. Staver, 33 Pa. 411; Weisenberger v. Huebner, 264 Pa. 316; Lyon v. Mouck, 63 Pitts. L. J. 363; Johns v. Johns, 244 Pa. 48.

The Act of June 7, 1915, P. L. 887, does not contemplate the entry of a judgment against a plaintiff, withdrawing case from jury, where plaintiff has filed a statement and an abstract of title setting out a good cause of action.

*Thomas C. Hare,* for appellees.—The writings relied upon constitute a contract sufficient to meet the requirements of the statute of frauds: Ranney v. Byers, 219 Pa. 332; Title G. & S. Co. v. Lippincott, 252 Pa. 112; Phillips v. Swank, 120 Pa. 76; Peart v. Brice, 152 Pa. 277; Henry v. Black, 210 Pa. 245; O'Connell v. Cease, 267 Pa. 288.

On the pleadings the Act of June 7, 1915, P. L. 887, authorizes the entry of judgment for defendants: Glenn v. Stewart, 265 Pa. 208.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

Edmund Shaw died November 21, 1919, and the executors named in his will, appellants here, instituted this action to recover the possession of a piece of land in Altoona, Pa. After filing a declaration and abstract of title, and defendants a plea and answer, in which they claimed the land through an agreement hereinafter mentioned, plaintiffs moved for judgment under the Act of June 7, 1915, because the memoranda did not constitute a written agreement for the sale of land enforceable at law. The court below entered judgment for defendants, subject to the payment of monthly installments; hence this appeal.

Where it is necessary to prove any essential feature of an agreement for the sale of land by oral testimony, the agreement is not in writing within the meaning of the statute of frauds: Mellon v. Davison, 123 Pa. 298, 302. Such would be the case with several unrelated papers, having nothing intrinsic to indicate an association between them: Llewellyn v. Sunnyside Coal Co., 242 Pa. 517, 520. The agreement should be sufficiently definite to enable one to identify the subject of sale: Safe Deposit & Trust Co. of Pittsburgh v. Diamond Coal & Coke Co., 234 Pa. 100, 108. Not that it is necessary to so describe the land as to avoid the necessity of proof of its identity; for, whether described by metes and bounds, monuments or adjoinders, its identification necessarily

becomes the subject of certain parol proof: Phillips v. Swank, 120 Pa. 76, 85.  But the description should be clear enough to enable a surveyor to locate the land with certainty.  Thus, property is sufficiently described as the "Hotel Duquesne": Henry v. Black, 210 Pa. 245, 249; "Byers' Place": Ranney v. Byers, 219 Pa. 332, 339; and others (see Title G. & S. Co. v. Lippincott, 252 Pa. 112, 117; O'Connell v. Cease, 267 Pa. 288, 293; Hall v. Cotton, L. R. A. 1916 C. 1124, 1127); and insufficiently, as in Mellon v. Davison, 123 Pa. 298, 302, where any land answered the description of fronting on the railroad in the 21st Ward; Barnes v. Rea (No. 2), 219 Pa. 287, 296, where the contract did not designate the tract by name, adjoinder, natural boundaries, or by reference to deed, will, warranty number, source of title or possession; and Weisenberger v. Huebner, 264 Pa. 316, 320, where the location was uncertain, whether at the corner of Third and Spruce streets, and, if so, at which corner.

Here the agreement is made up of separate and distinct papers.  By letter of March 28, 1919, Edmund Shaw offered to sell to defendants "the place you now occupy," with the buildings and grounds, personal and household goods (excepting a few articles of a personal nature, such as pictures of his wife and himself) for $10,000, at $35 per month, covering a period of twenty-five years.  After some delay the letter was acknowledged, October 15, 1919, and the offer was accepted; at the same time defendants received from Shaw an acknowledgment of the acceptance in the following language: "October 15, 1919, property sold to William E. Cornman for the sum of Ten Thousand (10,000) Dollars, to be paid in monthly payments of Thirty-five (35) Dollars per month until the full sum of Ten Thousand (10,-000) Dollars be fully paid, without interest.  First payment made October 15, 1919.  Edmund Shaw."  A second payment was made November 15th, and the receipt reads as follows: "Received November 15, 1919, From Wm. E. Cornman the sum of Thirty-five (35) Dollars,

due this day on contract for sale of property Number 1130 Fourteenth Avenue, Altoona, Pa. Edmund Shaw." These writings constitute the entire transaction of sale.

It will be noted the letter refers to land "you now occupy." The property covered by the writ had been occupied by defendants under a lease from decedent for some time, and it was the only land so leased. The offer was never withdrawn and the sale was finally consummated by an acceptance on the 15th of October, when payment was made on account of the purchase price; and if anything was lacking in the first and second papers to clarify the matter so as to satisfy the statute, the receipt of November 15th supplied the deficiency. The papers are so related through recitals and references and so connected by their internal sense, coherence and adaptation of parts as to make a complete agreement within the statute. The land may be easily identified by the fact of possession and number; a consideration was mentioned with time of payment and, in short, all the necessary elements of a complete contract may be found. It does not appear the metes and bounds designated in the writ were in any respect different from the description mentioned in the agreement. "Land 25 feet on Fourteenth Avenue, and extending back in even width 86 feet, and has thereon erected a two and a half story frame dwelling," fits in precisely with "the place you now occupy," "1130 Fourteenth Avenue." Any general description as to the location is made specific by reference to an existing possession that cannot apply to any other land, with no other property known as 1130 Fourteenth Avenue, in the City of Altoona. The language is not so abstract but that, with a minimum of external evidence, the land could be found without the possibility of contradiction or uncertainty, and to the exclusion of all other properties. The writings, of and within themselves, furnish means of identification. There is no variation in the terms, conditions, consideration and subject-matter.

The court below had authority to enter judgment for defendant under the Act of June 7, 1915, P. L. 887 (see opinion of Mr. Justice WALLING in Glenn v. Stewart, 265 Pa. 208, 211).

The judgment is affirmed.