## Heller, Appellant, *v.* Cochran.

*Vendor and vendee—Statute of frauds—Memorandum in writing —Insufficiency of memorandum—Description of real estate—Terms and time of payment.*

A memorandum in writing of the sale of land is insufficient, under the statute of frauds, which merely acknowledges the receipt of a small sum as first payment, specifies the price, designates the property by number and street, without naming the town, or otherwise designating the locality, and without any statement as to the terms or time of payment or delivery of the deed.

Argued May 13, 1924. Appeal, No. 8, Jan. T., 1925, by plaintiff, from decree of C. P. Schuylkill Co., May T., 1923, No. 2, dismissing bill in equity, in case of James B. Heller v. Ella G. Cochran. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before BECHTEL, P. J. The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiff appealed.

*Error assigned* was, decree, quoting it.

*C. M. Palmer,* with him *M. H. Spicker,* for appellant, cited: McHale v. Reilly, 274 Pa. 175; Felty v. Calhoun, 139 Pa. 382; Ferguson v. Staver, 33 Pa. 411; Ranney v. Byers, 219 Pa. 332; Henry v. Black, 210 Pa. 245; Haupt v. Unger, 222 Pa. 439; Ross v. Baker, 72 Pa. 332;

O'Connell v. Cease, 267 Pa. 288; Hannon v. Carroll, 1 D. & C. 783.

*John F. Whalen,* with him *George Ellis,* for appellee, cited: Soles v. Hickman, 20 Pa. 180; Mfg. L. & H. Co. v. Lamp, 269 Pa. 517.

PER CURIAM, May 27, 1924:

Plaintiff filed a bill in equity for specific performance by defendant of an alleged contract for the sale to him of a certain parcel of real estate in the City of Pottsville. A demurrer was sustained and this appeal followed.

The writing depended on to show the terms of the alleged contract and the description of the property involved is as follows:

"Nov. 21, 1922.

"Received from James B. Heller, M.D.

One Hundred . . . . . . .00/100 Dollars
First payment on 317 W. Market for consideration of $20,000.

$100   Ella G. Cochran Catherine G. Cochrane."

The opinion of the court below sustaining the demurrer and dismissing the bill correctly states: "The agreement in this case is too vague and indefinite to permit equity to enforce it......In addition to the vagueness in the description of the property, there is nothing contained in the agreement relative to the terms or time of payment or delivery of the deed; all of these matters will have to be established by parol evidence, and, indeed, as to some of them the bill alleges verbal agreements were entered into."

The general subject before us has been so thoroughly discussed in recent cases that it would serve no useful purpose to go over the ground again at this time: See Weisenberger v. Huebner, 264 Pa. 316; O'Connell v. Cease, 267 Pa. 288; Manufacturers' L. & H. Co. v. Lamp, 269 Pa. 517, 520; Shaw v. Cornman, 271 Pa. 260.

The decree is affirmed at cost of appellant.