## Sawert (et ux., Appellant) *v.* Lunt.

Argued October 4, 1948. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*Francis A. Wolf*, with him *Oscar G. Meyer*, for appellant.

*John B. Nicklas, Jr.*, with him *Henry S. Moore* and *McCrady & Nicklas*, for appellee.

OPINION BY MR. JUSTICE JONES, November 8, 1948:

The plaintiffs, a husband and wife, seek by this suit in equity to compel the defendant's specific performance of a contract for the sale of certain property to the plaintiffs. The defendant filed an answer raising preliminary objections to the bill of complaint on the ground that the written memorandum upon which the plaintiffs rely does not satisfy the requirements of the Statute of Frauds (Act of March 21, 1772, 1 Sm. L. 389, Sec. 1, 33 PS § 1). The learned court below sustained the defendant's objections and dismissed the bill. This appeal is by the wife plaintiff, her husband and co-plaintiff having died since the suit was begun.

The material writing, in its entirety, is as follows: "September 19, 1947

"Received of Fred A. Sawert and Bertha J. Sawert Five Hundred and no/100....................Dollars Hand money on account of purchase of 305 S. Negley Ave. At net price of $14,000.00.

[signed] Mrs. C. E. Lunt"

We think that the memorandum of sale satisfies the statute. All that need be done is to translate the general designation of the property into a precise description by metes and bounds which can be readily done under the facts of this case without offense to the statute. In addition to the written memorandum which the defendant's answer impliedly admits, the bill avers, and the answer likewise admits, that the defendant is the record owner of a house and lot at 305 S. Negley Ave., Pittsburgh, Pa.; that this property was the subject-matter the parties' agreement of sale evidenced by the memorandum receipt; and that there is a deed of record in the office of the Recorder of Deeds for Allegheny County, Pennsylvania, describing the property by metes and bounds and showing record title thereto to be in the defendant. It clearly appears, therefore, that the defendant actually owned the property in Pittsburgh whose description of record definitely fits the designation used in the memorandum receipt. Undeniably, therefore, the designation, "305 S. Negley Ave.", identifies a specific property.

In such circumstances, it is not a violation of the statute to supply by parol the record description of the property which the writing of the parties specifically identifies. In *Suchan v. Swope,* 357 Pa. 16, 20, 53 A. 2d 116, Mr. Justice HORACE STERN, speaking for this court, quoted with approval from *Peart v. Brice,* 152 Pa. 277, 279, 25 A. 537, where it was said that ". ... parol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description

to land is another and very different thing, and for that purpose is admissible: [citing cases]." See also *Howard v. Innes,* 253 Pa. 593, 601, 98 A. 761. Once the land is identified, parol evidence is admissible for the purpose of applying to it a more precise description. In the *Suchan* case, supra, the vendor, in his receipt for hand-money, described the subject-matter of the sale as "my farm",— a description which was there held to be sufficient to satisfy the Statute of Frauds. In further justification of the ruling so made, the opinion points out that Ray (the vendor) owned only one farm; that the parties well knew what was intended by "my farm"; and, in conclusion, that "The identity of the property is certain and all that is necessary is to refer to the deed by which Ray acquired title in order, purely for conveyancing purposes, to ascertain the metes and bounds." Nor is it necessary, in order to avoid the inhibition of the statute, "to so describe the land as to avoid the necessity of proof of its identity; . . . its identification necessarily becomes the subject of certain parol proof": *Shaw v. Cornman,* 271 Pa. 260, 262-263, 114 A. 632, which cites *Phillips v. Swank,* 120 Pa. 76, 85, 13 A. 712, where it was recognized that "the thing [i. e., the land] concerning which the parties propose to contract may be described in such general terms as to require parol proof to identify the particular subject of the contract."

It is indisputable that the parties here intended by their contract to deal with respect to the property at 305 S. Negley Ave., Pittsburgh, which the defendant owned. Such being the case, the record of her title in the Recorder's office of Allegheny County was at once competent to supply both a description of the property by metes and bounds and the municipality of its location, just as in the *Suchan* case, supra. And, so, "with a minimum of external evidence, the land [is] found without the possibility of contradiction or uncertainty, and to the exclusion of all other properties": cf. *Shaw v. Cornman,* supra, at p. 264.

That the designation of a property by street and number or other descriptive but general term may be sufficient to satisfy the Statute of Frauds seems clear. As long ago as *Flanigen v. City of Philadelphia*, 51 Pa. 491, 492 (an action of ejectment), it was recognized that "In a city having a known system of notation, regulated by municipal laws, recognised in the transactions of general business and acted upon by everyone, the description of a parcel of ground, or the messuage thereon, by a number is sufficiently definite." As we have already seen, in *Suchan v. Swope* "my farm" was a sufficient description. Again, in *Ranney v. Byers*, 219 Pa. 332, 334, 68 A. 971 (concerned with a declaration of trust), "the Byers place" was a sufficient realty description; in *Henry v. Black*, 210 Pa. 245, 247, 59 A. 1070, "Hotel Duquesne" was the extent of the description of the property in the contract of sale in that case which was specifically enforced; in *Ross v. Baker*, 72 Pa. 186, 188, the "Fleming farm on French creek" met the statute's requirements; and, in *Smith & Fleek's Appeal*, 69 Pa. 474, 475, the description, "all that piece bought of Rose by Thomas Smith and Porter Fleek" in the contract of sale satisfied the statute and so supported the plaintiffs' title in their equity suit against the vendors for waste. See also *Fitzpatrick v. Engard*, 175 Pa. 393, 402, 34 A. 803, and *Andre v. Andre*, 123 Pa. Superior Ct. 597, 604, 187 A. 321.

The cases cited by the appellee are readily distinguishable. In *Mellon v. Davidson*, 123 Pa. 298, 299, 16 A. 431, the description, "a lot of ground fronting about 100 feet on the P. R. R., in the 21st Ward, Pittsburgh, Pa.", could not actually be fitted to any lot of ground along the railroad in the designated ward; and in *Weisenberger v. Huebner*, 264 Pa. 316, 319, 107 A. 763, the description, "property at 3 & Spruce" was held to be insufficient because the location was uncertain, i. e., "whether it is at the corner of '3 & Spruce' and, if it is, at which corner."

What seems to have bothered the learned court below in the instant case was the fact that the writing does not contain any reference to the municipality or other political subdivision wherein the property is located. But, that omission was not vital. In the *Suchan* case, supra, where the description was "my farm" no name of any village, town or township appeared in or upon the receipt. In *Henry v. Black*, supra, not only did the receipt for the hand-money for the purchase of the "Hotel Duquesne" not contain the word "Pittsburgh" anywhere, but it did not show the street and number or even the street of the property's location. In *Ranney v. Byers*, supra, the location of the property "the Byers place" was inferred from the fact that "New Castle, Pa." was written in on the date line above the words, "Memoranda and agreement". Both *Fitzpatrick v. Engard*, supra, and *Andre v. Andre*, supra, admit of such a presumption from the presence of the municipal name somewhere on, but outside of the body of, the receipt. However, the presumption is by no means conclusive and, consequently, is incapable of being a *sine qua non* to the sufficiency of the description as it actually appears in the body of the receipt. The location of the "Fleming farm on French creek" could hardly be inferred from the word "Titusville" written in the receipt for the hand-money; we may take judicial notice of the fact that Titusville is some twenty miles distant from French Creek in Crawford County. Nor could the situs of the tract of pine timberland dealt with in *Smith & Fleek's Appeal*, supra, reasonably be inferred from the name of the village, "Little Cooley", written in on the date line of the hand-money receipt in that case.

In any event, the case of *Ross v. Baker*, supra, rules the question directly. There, each of five separate receipts for portions of the hand-money (for respective aliquot parts of the whole property) referred to the land as the "Fleming farm on French creek". The trial judge reserved a point of law (p. 187) as to "Whether the re-

ceipts [for hand-money] are sufficient to pass any title as of their dates . . . ." On this reserved point, the lower court later ruled that "The receipts [for hand-money] . . . given in evidence, we think are not sufficient to convey to the several [purchasers] the equitable title to this land as of their dates. They describe no land *by either adjoinings, township or county,* and there is no evidence that the land was known as the Fleming farm, . . ." (emphasis supplied). On appeal, this Court reversed, holding at p. 190, that "In the case before us the receipts contain the names of the seller and buyer, a description of the property, and the amount of the purchase-money and its payment. The Fleming farm is identified by Isaac Canfield [one of the vendors], and the locality on French creek is quite as certain as adjoining the river Taff [a reference to a cited English case]. There was, therefore, error in the decision of the court on the reserved point."

There is nothing in *Heller v. Cochran,* 280 Pa. 579, 580, 124 A. 737, to indicate that the decision in that case was intended to detract in any way from the specific ruling in *Ross v. Baker,* as above outlined. In the *Heller* case, the hand-money receipt evidencing the agreement of sale there involved was *as a whole* "too vague and indefinite to permit equity to enforce it . . . ." From the writing it was not even certain, as the opinion of the lower court in that case noted, whether the descriptive word, "Market", in the receipt was a street, place or what.

The decree is reversed with a procedendo; costs to abide the ultimate result.