## Kessler v. Green Co., Inc.

Before McNaugher, P. J., Brown and McKenna, JJ.

*Lampl, Kirshner & Libenson*, for plaintiff.

*Donald E. Rogers*, for defendant.

McKENNA, J., April 6, 1962.—This case is before the court en banc on defendant's preliminary objections to plaintiff's complaint in equity.

The complaint, filed on July 19, 1961, contains two counts although they are not specifically designated as such. In count one, it is asserted that, on June 18, 1960, defendant through its authorized agent engaged plaintiff to exert his best efforts to promote and obtain a public offering of defendant corporation's stock. As consideration for plaintiff's work, defendant agreed that plaintiff would receive an option to purchase 7,500 shares of the stock of defendant corporation at the book value as of the date plaintiff secured a broker ready, willing and able to handle a public sale of the securities. On September 28, 1960, at a meeting held in Pittsburgh, defendant agreed that the R. P. & R. A. Miller Co., Inc., of Philadelphia, would act as the broker. This firm had been secured by plaintiff's efforts. Defendant subsequently refused to consummate an underwriting agreement with Miller. Plaintiff contends that he has fully performed his part of the oral contract with defendant and that he is entitled to specific performance of the contract upon paying the book value of the stock as of September 28, 1960. Plaintiff states that the stock is unique and that the market value cannot be established.

In count two, plaintiff asserts that he has performed certain accounting and pre-registration services for defendant and at its request, the reasonable value of which is $2,000.

Defendant filed preliminary objections to plaintiff's complaint on August 9, 1961. In this pleading defendant contends:

First: The complaint fails to state a cause of action as plaintiff is suing upon an oral contract and no writing or delivery has been averred.

Second: The case is not cognizable in equity as plaintiff has a complete remedy at law. Defendant states that at no time were there any stocks of defendant corporation which had a par value of $1.

Hence, the shares for which the plaintiff sues are not unique, rather they are non-existent and cannot be the subject matter of an action for specific performance of a contract for delivery of same.

Plaintiff's remedy therefore is an action at law.

Reviewing the complaint filed in this case and the briefs filed, we find that defendant's objections are well taken.

This is an action for specific performance of an oral contract to grant an option for certain stock. As such it comes within the provisions of the Statute of Frauds as contained in the section of the Uniform Commercial Code relating to investment securities. This reads as follows:

"Statute of Frauds.

"A contract for the sale of securities is not enforceable by way of action or defense unless

"(a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker . . ." (Act of October 2, 1959, P. L. 1023, sec. 8, 12A PS §8-319.)

The code also states that where there has been delivery, payment, confirmation or an admission of the sale the contract is enforceable.

The complainant in this case alleges facts which bring the action within the Statute of Frauds. There is a contract relating to the sale of securities; it is not in writing and there has been no delivery, payment, confirmation or admission of the sale.

Defendant raises the defense by preliminary objections. This is proper. Pennsylvania Rule of Civil Procedure 1501 provides that the procedure in an action in equity shall conform to that in assumpsit. The rules relating to the latter type of action state (rule 1030) that all affirmative defenses including that of the Statute of Frauds shall be pleaded in a responsive pleading titled "New Matter".

We are of the opinion, however, that this defense is presently available to defendant. Our courts have consistently held that where it is apparent that the complaint does not state a cause of action because it fails to satisfy the requirements of the Statute of Frauds, it is demurrable. In Haskell v. Heathcote, 363 Pa. 184 (1949), Mr. Justice Patterson for the court said (p. 189) :

"There is no merit in the argument that raising the defense of the Statute of Frauds by preliminary objections, under Rule 48 of the Rules of Equity Practice, is precluded by Pa. R. C. P. No. 1030, which requires affirmative defenses in actions of assumpsit, including the Statute of Frauds, to be pleaded in a responsive pleading under the heading 'New Matter.' This novel contention rests on a misinterpretation of Equity Rule 92, which provides: 'Those Rules of Civil Procedure promulgated by the Supreme Court which are applicable to equity practice and procedure, shall prevail over any existing Equity Rules which are inconsistent therewith; and the Equity Rules are modified, or abrogated, to the extent of such inconsistency, as of the respective dates the dominant Rules of Civil Procedure became or become operative.' The obvious intent and purpose of Equity Rule 92 was to provide merely for automatic suspension of existing equity rules in favor of Rules of Civil Procedure promulgated by this Court in terms applying to all civil actions or later adopted rules specifically made applicable to suits in equity. In numerous equity cases arising both before and since promulgation of Pa. R. C. P. No. 1030, the practice of raising the Statute of Frauds by preliminary objections has been permitted without question. See Axe v. Potts, supra; Sneiderman v. Kahn, 350 Pa. 496, 39 A. 2d 608; Sawart v. Lunt, 360 Pa. 521, 62 A. 2d 34; Redditt v. Horn, 361 Pa. 533, 64 A. 2d 809. There is nothing in Equity Rule 92 or in the Rules of

Civil Procedure to authorize or warrant a departure from this well-established practice." See also Leonard v. Martling, 378 Pa. 339, 344 (1954).

These authorities support our conclusion that plaintiff has failed to state a cause of action as to count one, as we have herein designated the claim for specific performance of the option agreement. We will therefore sustain defendant's preliminary objection to this.

In count two of his complaint, plaintiff asks for compensation for services alleged to have been rendered to defendant at the latter's request. Plaintiff asserts that the value of such services is $2,000. It is clear that, as to such claim, an adequate remedy at law exists. The suit insofar as it demands $2,000 of defendant will be transferred to the law side of the court.

*Order*

And now, April 6, 1962, after argument of counsel and consideration thereof, defendant's preliminary objections are sustained and this case is transferred to the law side of this court.