SMITH, APPELLANT, *v.* BUNSTON, RESPONDENT.

(No. 5,630.)

(Submitted February 20, 1925.  Decided March 17, 1925.)

[234 Pac. 836.]

*Attachment—Sale of Real Property—Contract—Construction—
Vendor's Lien—Statute, When Inapplicable—Proper Issu-
ance of Writ.*

Real Property—Contract of Sale—Construction—Words Tending to Show Completed Contract may Show Executory One.
   1.  Words in a contract for the sale of real property importing a completed transaction, such as that the vendor has "sold and delivered" the property to the buyer, are not alone sufficient to show a completed transaction, where from other portions of the instrument it is apparent that the intention of the parties was to enter into an executory one under which title was to remain in the vendor until full performance by the purchaser.

Same—Vendors' Lien—When Statute Inapplicable.
   2.  Section 8378, Revised Codes of 1921, providing for a vendor's lien for so much of the purchase price of real property as remains unpaid and unsecured, has no application to an executory contract of sale under which the vendor retains title in himself until the purchase price is fully paid.

Attachment—Sale of Real Property Under Executory Contract—Action on Note—Writ Available.
   3.  In an action on an unsecured note given by the purchaser of real property under an executory contract for its sale an attachment may properly issue (see par. 2, above).

*Appeal from District Court, Big Horn County; Robert C.
Stong, Judge.*

ACTION by Henry Smith against H. W. Bunston, in which a writ of attachment was issued. From an order dissolving the attachment, plaintiff appeals. Reversed.

*Mr. Guy C. Derry,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Guinn & Maddox,* for Respondent, submitted a brief; *Mr. C. C. Guinn* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This action was commenced in the district court on May 26, 1924, by the filing of a complaint which alleged that on April 30, 1919, the defendant made, executed and delivered to the plaintiff a promissory note for the sum of $1,250, due five years after date, with interest at the rate of eight per cent per annum; that the interest on said note had been paid down to April 30, 1923, but no other payment had been made thereon; that the plaintiff was the owner and holder thereof, and judgment was asked for the principal sum, together with interest and attorney's fees. Upon the filing of the complaint an affidavit and undertaking on attachment in due form were filed; whereupon the clerk duly issued a writ of attachment which was placed in the hands of the sheriff of Big Horn county for service. This writ was subsequently served and the sheriff made his return thereon to the effect that he had attached certain real estate belonging to the defendant, located in Big Horn county.

On June 17, 1924, the defendant served and filed his notice of motion to dissolve the attachment upon four separate grounds, only one of which requires to be given attention on this appeal. That was: "That the affidavit for attachment herein states that the defendant is indebted to the plaintiff upon a contract, express or implied, for the direct payment of money, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, when as a

matter of fact the said alleged indebtedness is secured by a mortgage or lien upon real or personal property, and that the security given for payment of said alleged indebtedness has not become valueless, and that the plaintiff has not exhausted his remedy against said real or personal property.'' In support of this motion the defendant filed his affidavit which, among other things, set forth the nature of the security referred to in the notice of motion, which consisted of an alleged vendor's lien upon certain real estate, and said: ''That the said lien is fully set forth in the contract for deed existing between the plaintiff and the defendant for the purchase of certain real estate in Big Horn county, copy of which said contract is hereto attached, marked Exhibit A, and made a part hereof.'' The contract referred to in this affidavit and attached thereto was made on the thirtieth day of April, 1919, between the plaintiff as party of the first part, and the defendant as party of the second part. It recited that the party of the first part was the owner of lot 5 in block 9 of Hardin, and was desirous of selling the same for the sum of $1,500, and that the party of the second part was desirous of purchasing the same for that amount, and it was ''agreed by and between the parties hereto that the said party of the first part has this day sold and delivered to said party of the second part'' the above-described property for $1,500, $250 of which was paid upon the execution of the contract, and $1,250 by note due in five years, with interest at eight per cent per annum. The party of the first part agreed to cause to be executed a good and sufficient deed for said property and place the same in the First National Bank of Hardin, to be delivered to the party of the second part upon payment of the $1,250 note, and also provided that the party of the second part should pay the taxes on the described premises, beginning with the year 1919, and that, if he failed to pay the said note or the taxes as agreed then the party of the first part ''upon thirty days' notice may at his option cancel this contract, and the said property will then revert back to said first party.''

The motion was submitted to the court, and on July 24, 1924, an order was made dissolving the attachment and from this order the plaintiff has appealed.

The only question presented for determination is whether the plaintiff had a lien upon the property described in the above-mentioned contract to secure the payment of the note set out in the complaint. It is admitted that the note in suit is the same note which is referred to in the contract. While the [1] words "sold and delivered," used in this contract are positive and by themselves import a completed transaction, yet they must be construed with reference to the whole instrument.

In *Jackson* v. *Myers,* 3 Johns. (N. Y.) 387, 3 Am. Dec. 504, the court said: "Though a deed may in one part use the formal and apt words of conveyance, yet if, from other parts of the instrument taken and compared together, it appears that a mere agreement for a conveyance was all that was intended, the intent shall prevail." And in *Williams* v. *Paine,* 169 U. S. 55, 42 L. Ed. 658, 18 Sup. Ct. Rep. 279 [see, also, Rose's U. S. Notes], it was said: "We agree generally that, although there are words of conveyance *in praesenti* in a contract for the purchase and sale of lands, still, if from the whole instrument it is manifest that further conveyances were contemplated by the parties, it will be considered an agreement to convey, and not a conveyance. The whole question is one of intention to be gathered from the instrument itself." (*Jackson* v. *Moncrief,* 5 Wend. (N. Y.) 26; *Phillips* v. *Swank,* 120 Pa. 76, 6 Am. St. Rep. 691, 13 Atl. 712.)

In an extended note to the case of *Chapman* v. *Glassell,* 48 Am. Dec. 45, the general rule is announced as follows: "Words of present grant or present assurance, such as 'have granted bargained, sold, aliened, enfeoffed, released, and confirmed,' and words of like import, afford a presumption that an executed conveyance was intended, and that the title passed. But that presumption is not conclusive. Instruments containing these words are to be construed and interpreted the same as other instruments, and the presumption arising from the words them-

selves may be overcome by the presence in the instrument of other words which contemplate a future conveyance.''

Applying these well-established rules to the contract in question, it is readily seen that the same did not operate as a conveyance of the real estate described and was only intended to be in fact a contract for its sale by the party of the first part and its purchase by the party of the second part. It is significant that the instrument is headed, ''Agreement for the Sale of Real Estate''; likewise it calls for the future execution of a good and sufficient deed for the real estate, and provides that such deed shall be deposited in the First National Bank of Hardin, to be held by it and delivered to the party of the second part when he complies with the terms of the agreement by making payment of the $1,250 note; and it likewise contains a provision for forfeiture in the event that the party of the second part defaults in his payment, and thereupon the property shall ''revert back to said first party.'' If the parties had intended this instrument to constitute a conveyance *in praesenti,* it would have been unnecessary to provide for the execution and delivery of a deed for the same at a future time, and the provision that the property should revert to the party of the first part upon default by the party of the second part also negatives the idea that it was intended as a present conveyance, for, if it was so intended, then the title to the property could only vest in the party of the first part by conveyance of the same to him by the party of the second part.

The provisions of section 8378, Revised Codes of 1921, that [2, 3] ''one who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer,'' have no application to a contract like the one under consideration. It is simply an executory contract for the sale of real estate, the title to which remained in the plaintiff until the defendant had complied with his agreements, had paid the $1,250 note, and received the deed from the bank. And since the plaintiff retained the legal title he had no need of

a lien thereon. Such was the holding of this court in the case of *Cook-Reynolds Co.* v. *Chipman*, 47 Mont. 289, 133 Pac. 694.

Since the note upon which the plaintiff's suit was based was not secured by any mortgage or lien upon real or personal property as contended for by the defendant, it follows that the writ of attachment was properly issued and the order of the court dissolving the same was erroneous.

The order of the court entered on July 24, 1924, dissolving the attachment and ordering the sheriff to release the same of record is reversed.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES HOLLOWAY and MATTHEWS, and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.